~AO 241

Page 2 (Rev.12/04)

**ORIGINAL**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

0 8 - 1 1 7 -

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): CLARENCE H. EDWARDS | Docket or Case No: |
|---|---|

| Place of Confinement : SMYRNA DELAWARE | Prisoner No.: 00158551 |
|---|---|

*Petitioner(include the name under which you were convicted) custody of petitioner)*

CLARENCE H. EDWARDS          v.

*Respondent (authorized person having*

STATE OF DELAWARE

The Attorney General of the State of DELAWARE

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

KENT COUNTY DELAWARE SUPERIOR COURT

(b) Criminal docket or case number (if you know): 0504022745

2. (a) Date of the judgment of conviction (if you know): 8/23/2005

(b) Date of sentencing: 8/23/2005

3. Length of sentence: 10 YEARS

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

SEXUAL SOLICITATION OF A CHILD

6. (a) What was your plea? (Check one)

☐ (1) Not guilty      ☐ (3) Nolo contendere (no contest)

☒ (2) Guilty          ☐ (4) Insanity plea



FILED
FEB 27 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BO scanned
JFP

~AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count

or charge, what did you plead guilty to and what did you plead not guilty to?
N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury          ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes          ☒ No

8.    Did you appeal from the judgment of conviction?

☐ Yes          ☒ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result::

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?      ☐ Yes          ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

~AO 241                                                                                                              Page 4
(Rev.12/04)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or
       motions concerning this judgment of conviction in any state court?    ☒ Yes  ☐ No

11     If your answer to Question 10 was "Yes," give the following information:

       (a)    (1) Name of court: KENT COUNTY SUPERIOR COURT

              (2) Docket or case number (if you know): IK-05-0179-R1

              (3) Date of filing (if you know): FEB./2006

              (4) Nature of the proceeding: RULE 35 POST CONVICTION

              (5) Grounds raised: RULE 35 VIOLATION LEADING TO INEFFECTIVE

COUNSEL

              (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
              ☐ Yes      ☒ No

              (7) Result: AFFIRMED

              (8) Date of result (if you know): 8/17/2007

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: DELAWARE SUPREME COURT

(2) Docket or case number (if you know): 445-2007

(3) Date of filing (if you know): 10/19/2007

(4) Nature of the proceeding: RULE 35 POST CONVICTION

(5) Grounds raised: RULE 35 VIOLATION LEADING TO INEFFECTIVE

COUNSEL

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: AFFIRMED

(8) Date of result (if you know): 1/3/2008

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

~AO 241
Rev.12/04)

(6) Did you receive a hearing where evidence was given on your petition,

application, or motion?

☐ Yes          ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition,

application,

or motion?

| | | |
|---|---|---|
| (1) First petition: | ☒Yes | ☐ No |
| (2) Second petition: | ☐Yes | ☐ No |
| (3) Third petition: | ☐Yes | ☐ No |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: SEE ATTACHED**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): SEE ATTACHED

(b) If you did not exhaust your state remedies on Ground One, explain why:

~AO 241
(Rev.12/04)

(c)  **Direct Appeal of Ground One:**
(1) if you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes ☐ No

(2) if you did not raise this issue in your direct appeal, explain why: I WAS TOLD BY

COUNSEL NO APPEAL COULD BE DONE.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state
trial court?

☒ Yes    ☐ No

(2) if your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: POST CONVICTION (61) MOTION

Name and location of the court where the motion or petition was filed: KENT COUNTY SUPERIOR

COURT DOVER DELAWARE

Docket or case number (if you know): IK-05-0179-R1

Date of the court's decision: 8/17/2007

Result (attach a copy of the court's opinion or order, if available): AFFIRMED

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☒ No |
| (4) Did you appeal from the denial of your motion or petition? | ☒ Yes | ☐ No |
| (5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal | ☒ Yes | ☐ No |
| (6) If your answer to Question (d) (4) is "Yes," state: | | |

Name and location of the court where the appeal was filed: DELAWARE SUPREME COURT

Docket or case number (if you know): 445-2007

Date of the court's decision: 1/3/2008

Result (attach a copy of the court's opinion or order, if available): AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

### GROUND TWO: N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ☐ Yes    ☐ No

(2) If your answer to Question (d) (I) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                          ☐ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition                      ☐ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes        ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

## GROUND THREE: N/A

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

~AO 241
(Rev.12/04)

(b)    If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) (f you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes        ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

~AO 241
(Rev. 12/04)

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used exhaust your state remedies on Ground Three:

## GROUND FOUR: N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue          ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

~AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                              ☐ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?                       ☐ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:


(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
         have used to exhaust your state remedies on Ground Four:

~AO 241
(Rev. 12/04)

13.    Please answer these additional questions about the petition you are filing:

   (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction"? ☒ Yes    ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date *of* the court's decision, and the result for each petition, application, or motion filed. .Attach a copy of any court opinion or order, if available. N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☒ Yes   ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.U.S.DISTRICT COURT  DISTRICT OF DELAWARE  PROCEEDURAL VIOLATIONS AGAINST DEFENSE ATTORNEY.

~AO 241
(Rev.12/04)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment
       you are challenging:

| | |
|---|---|
| (a) At preliminary hearing: | KATHLEEN  K. AMALFITANO |
| | PUBLIC DEFENDER |
| (b) At arraignment and plea: | KATHLEEN K. AMALFITANO |
| | PUBLIC DEFENDER |

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging?    ☐ Yes    ☒ No
       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

       (b) Give the date the other sentence was imposed:

       (c) Give the length of the other sentence:

       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?

                    ☐ Yes        ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the
       one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
       N/A

~AO 241
(Rev.12/04)

---

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in \part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for      seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution  or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

~AO 241
(Rev.12/04)

(2)             The time during which a properly filed application for State post-conviction or other collateral
                review with respect to the pertinent judgment or claim is pending shall not be counted
                toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

                                                          Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition
for

Writ of Habeas Corpus was placed in the prison mailing system on          (month, date, year).

Executed (signed) on          (date).

2/25/2008                              xClarence H Edwards

                                                          Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this
petition.

IN FORMA PAUPERIS DECLARATION
DELAWARE DISTRICT COURT

[insert appropriate court]
*****

### ATTACHED FOR # 12

### GROUND ONE

### STRUCTURAL DEFECT OF CONSTITUTIONAL LAW LEADING TO

### INEFFECTIVE COUNSEL

#### (a) SUPPORTING FACTS:

PETITIONER WAS ARRESTED ON 4/28/2005 AND WAS
APPOINTED KATHEREEN AMALIFITANO, ESQUIRE, AS HIS
ATTORNEY. THE ATTORNEY DID SUBPAR INVESTIGATION
AND WITH HER OWN WORDS FAILED TO INFORM HIM OF HIS
RIGHTS (SEE ATTACHED STATEMENT) PRIOR TO SIGNING THE
PLEA AGREEMENT AS EVIDENCED IN THE DATES OF THE TIS
AND PLEA FORMS. MS. AMALITANO AND MR. WILLIAMS
ARGUED THAT BECAUSE OF THE PETITIONER'S NEEDS FOR
MORE TIME (SEE CRIMINAL DOCKET # 8) TO DECIDE IF HE WAS
TO PLEAD GUILTY THE ARRAIGNMENT OF 7/26/2005 WAS
CONTIUED TO 8/23/2005. HOWEVER, PETITIONER DOES NOT
ARGUE THIS POINT BUT HE DOES ARGUE WHY THE DEFENSE
ATTORNEY HAD HIM SIGN THE PLEA AGREEMENT ON 7/26/2005
PRIOR TO GIVING HIM HIS RIGHTS TO KNOW HIS
CONSTITUTIONAL RIGHTS CONCERNING HIS PLEA SIGN OFFS
(SIGNED 8/23/2005). NOW COUNSEL ARGUES IN HER OWN
WORDS THAT PETITIONER FILLED OUT THIS PAPER WORK BY
HIMSELF AND PETITIONER WISHES TO ASK THE COURT HOW
CAN A PERSON WITH A 4TH GRADE EVALUATION (SEE
ATTACHED) KNOW HIS RIGHTS AND FILL OUT LEGAL PAPERS
BY HIMSELF. AND IF THIS WAS TRUE WHY SHE SIGNED THIS
FORM CONFIRMING THE DATE AND THAT HE WAS TOLD HIS
RIGHTS WHEN SHE UNDER OATH WROTE SHE HAD NOTHING
TO DO WITH THE TIS FORM. PETITIONER ALSO ARGUES THE

FACT THAT IF THERE WAS A MORE TIME ALLOTED HIM DOES
IT STRIP HIS RIGHTS TO HAVE THESE ISSUES OF
CONSTITUTIONAL PROTECTIONS EVAPORATE BECAUSE OF
THIS DELAY? THE PLEA AGREEMENT WAS SIGNED PRIOR TO
HIS RIGHTS BEING TOLD HIM AND THE DEFENSE AND
PROSECUTION REALIZING THE LOW INTELIGENCE OF
PETITIONER SAW THAT THERE HAD BEEN A MISTAKE DONE
BY NOT ADVISING PETITIONER OF HIS RIGHTS PRIOR TO HIS
SIGNING OF THE PLEA AGREEMENT SO BEFORE HE
ADDRESSED THE JUDGE RUSHED TO GET THIS TIS FORM DONE
TO MAKE EVERYTHING "LEGAL".THE DEFENSE ATTORNEY
ALONG WITH THE PROSECUTOR BOTH SIGNED THESE FORMS
CONFERMING THE TRUTHFULNESS OF ALL THAT WAS
INCLUDE IN THEM –EVEN THE DATES SIGNED. THE
COMMISSONER RECOMMENDED THAT THE POST CONVICTION
BE DENIED FOR REASONS OF NOT BELIEVING PETITIONER
OVER DEFENSE ATTORNEY (?) HOWEVER, PETITIONER
BELIEVES IT'S NOT AN ISSUE OF WHO'S TELLING THE TRUTH.
IF THE CONTINUANCE WAS GRANTED, AND IT WAS, THEN THE
PETITIONER HAD A GIVEN RIGHT TO KNOW HIS RIGHTS PRIOR
TO SIGNING THE PLEA AGREEMENT. IN THIS CASE THAT
RIGHT WAS TAKEN AWAY A DIRECT VIOLATION OF THE 6TH &
5TH AMENDMENTS OF EFFECTIVE COUNSEL AT ALL STAGES
WITH THE RIGHT TO KNOW YOUR RIGHTS BEFORE YOU SIGN
THEM AWAY. THE PETITIONER ALSO ADVISED THE COURT
THAT UPON SIGNING THE PLEA AGREEMENT WAS TOLD TO
AGREE WITH ANYTHING THE JUDGE ASKS OR HE WOULD GIVE
MORE TIME AND TO TELL HIM HE WAS SATISFIED WITH
COUNSEL AND SHE TOLD HIM EVERYTHING HE NEEDED TO
KNOW. AGAIN THE COMMISONER BELIEVED THE ATTORNEYS.
WE KNOW THAT CHILD SEX CRIMES AT A HUGH TABOU IN

OUR SOCIETY, BUT, IT DOES NOT ELIMINATE THE
CONSTITUTIONAL RIGHTS OF AN INDIVIDUAL ACCUSED OF
SUCH AN EVIL CRIME.PETITIONER IS NOT ASKING TO BE
RELEASED OR HIS CHARGES TO BE DROPPED, ONLY THAT HIS
GIVEN RIGHTS BE GIVEN HIM. REMAND FOR A NEW PLEA OR
TRIAL WITH HIS GIVEN RIGHTS.

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 0504022745 |
| | * | |
| CLARENCE EDWARDS, | * | |
| | * | |
| Defendant. | * | |

### AFFIDAVIT OF KATHLEEN K. AMALFITANO, ESQUIRE

BE IT REMEMBERED that on this 3rd day of March, 2006, personally appeared before me a Notary Public for the State of Delaware, Kathleen K. Amalfitano, who stated the following:

1. This Affidavit is being filed pursuant to an Order of Commissioner Andrea Maybee, that I respond to the portions of the defendant's Motion alleging ineffective assistance of counsel, pursuant to Rule 61(g)(2).

2. Affiant responds seriatum to the allegations against her, as are contained in Defendant's Memorandum of Law pursuant to Superior Court Criminal Rule 61(b)(6) Motion for Postconviction Relief.

(1) At Ground One, Edwards alleges "coerced confession or guilty plea" as a ground to attack his guilty plea. A plea offer was extended to Edwards on July 26, 2005. Edwards wanted time to think about same, therefore, a new date was given for August 23, 2005. Edwards entered the plea at that time.

(2) At Ground Two, Edwards alleges that he was denied his right to confront





witnesses. The fact of his plea is a matter of record. The plea colloquy would indicate

that he completed the truth-in-sentencing form himself and was aware of all his trial

rights including his right to confront witnesses. He understood by entering his plea he

was waiving his right to confront those witnesses.

(3) At Ground Three, Edwards alleges ineffective assistance of counsel.

Edwards alleges he was not advised of his due process rights prior to entering his plea.

The plea colloquy would indicate that the truth-in-sentencing form was properly executed

prior to the entry of his plea and same thoroughly reviewed with him during said plea

colloquy.

Kathleen K. Amalfitano, Esquire
Assistant Public Defender
Public Defender's Office
Sykes Building
45 The Green
Dover, DE 19901

SWORN TO AND SUBSCRIBED before me this _3rd_ day of March, 2006.

Attorney –at-Law

10/30/2007 TUE 10:29 FAX

SUPERIOR COURT CRIMINAL DOCKET                    Page    1
( as of  09/06/2007 )

State of Delaware v.  CLARENCE H EDWARDS                    DOB: 05/30/1961
State's Atty: ROBERT J O'NEILL , Esq.          AKA:
Defense Atty: KATHLEEN AMALFITANO , Esq.

Assigned Judge:

Charges:
| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0504022745 | IK05050179R1 | SEX SOLIC CHILD | GLTY | 08/23/2005 |
| 002 | 0504022745 | IK05050180 | INDEC.EXPO.1ST | NOLP | 08/23/2005 |
| 003 | 0504022745 | IK05050181 | HARASSMENT | NOLP | 08/23/2005 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| 1 | 05/09/2005 | CASE ACCEPTED IN SUPERIOR COURT. ARREST DATE: 04/28/05 PRELIMINARY HEARING DATE: 05/06/05 BAIL:  CASH BAIL                                     7,000.00 100% | |
| 2 | 05/10/2005 | MOTION TO INCREASE BAIL FILED. (S. BONVETTI) | |
| 3 | 05/13/2005 | MOTION TO INCREASE BAIL GRANTED. BAIL INCREASED TO CASH BAIL                           15,000.00 100%. | YOUNG ROBERT B. |
| 4 | 07/05/2005 | INDICTMENT, TRUE BILL FILED. | |
| 5 | 07/07/2005 | SUMMONS MAILED TO DEFENDANT AND BONDSPERSON FOR APPEARANCE IN COURT ON 7/14/05 FOR ARRAIGNMENT | |
| 6 | 07/14/2005 | ARRAIGNMENT CALENDAR - CONTINUED.  DEFENSE REQUEST-DEFENDANT NOT TRANSPORTED. ARRAIGNMENT PASSED TO CASE REVIEW. | FREUD ANDREA MAYBEE |
| 7 | 07/15/2005 | SUBPOENA MAILED TO BONDSPERSON FOR DEFENDANT'S APPEARANCE AT ARRAIGNMENT/CASE REVIEW 7/26/05 | |
| 8 | 07/26/2005 | ARRAIGNMENT/CASE REVIEW CALENDAR-CONTINUED TO 08/23/05. DEFENDANT NEEDS MORE TIME | YOUNG ROBERT B. |
| 9 | 08/16/2005 | SUBPOENA(S) MAILED TO DEFENDANT AND BONDSPERSON FOR APPEARANCE IN COURT ON AUGUST 23, 2005 FOR ARRAIGNMENT/CASE REVIEW. | |
| 10 | 08/23/2005 | CASE REVIEW CALENDAR - PLED GUILTY AND SENTENCED. | WITHAM WILLIAM L. JR. |
| 11 | 09/30/2005 | MOTION FOR REDUCTION OF SENTENCE FILED (PRO SE). | |

Exhibit A

SUPERIOR COURT CRIMINAL DOCKET
( as of 09/06/2007 )

Page    2

State of Delaware v. CLARENCE H EDWARDS                    DOB: 05/30/1961
State's Atty: ROBERT J O'NEILL , Esq.        AKA:
Defense Atty: KATHLEEN AMALFITANO , Esq.

| No. | Event Date | Event | Judge |
|---|---|---|---|
| 12 | 10/04/2005 | STATE'S RESPONSE TO MOTION FOR REDUCTION OF SENTENCE FILED (O'NEILL). | |
| 13 | 02/21/2006 | MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE). | |
| 14 | 02/24/2006 | MOTION FOR REDUCTION OF SENTENCE DENIED 2/22/2006. | WITHAM WILLIAM L. JR. |
| 15 | 02/24/2006 | ORDER OF REFERENCE AND NOW THIS 22ND DAY OF FEBRUARY, 2006, MOTION FOR POSTCONVICTION RELIEF IS REFERRED TO COMMISSIONER ANDREA MAYBEE FREUD FOR PORPOSED FINDINGS AND RECOMMENDATIONS PURSUANT TO 10 DEL.C. SECTION 512(B)(1)(B) AND CRIMINAL RULE 62(A)(5). | WITHAM WILLIAM L. JR. |
| 16 | 02/24/2006 | ORDER OF BRIEFING THIS 24TH DAY OF FEBRUARY, 2006, IT IS ORDERED THAT: 1) KATHLEEN A. AMALFITNAO, ESQUIRE, SHALL FILE AN AFFIDAVIT BY APRIL 5, 2006. 2) DEPARTMENT OF JUSTICE SHALL FILE LEGAL MEMORANDUM BY MAY 5, 2006. 3) ANY REPLY BY MOVANT SHALL BE FILED BY JUNE 5, 2006. | FREUD ANDREA MAYBEE |
| 17 | 02/24/2006 | LETTER FROM PARALEGAL OFFICE TO COUNSEL RE: NOTICE THAT THE DEFENDANT HAS FILED MOTION FOR POSTCONVICTION RELIEF, PRO SE. | |
| 18 | 02/27/2006 | COPY OF DOCKET AND INDICTMENT REQUESTED AND SENT. | |
| 19 | 03/03/2006 | AFFIDAVIT OF KATHLEEN AMALFITANO, ESQUIRE, FILED IN RESPONSE TO MOTION FOR POSTCONVICTION RELIEF. | |
| 20 | 03/09/2006 | TRANSCRIPT OF PLEA HEARING & SENTENCING FILED. (S.DOUGHERTY) | |
| 21 | 06/02/2006 | STATE'S RESPONSE TO MOTION FOR POSTCONVICTION RELIEF FILED (ROBERT O'NEILL, JR., ESQUIRE). | |
| 22 | 08/11/2006 | MOTION FOR SANCTIONS FOR DELAY (PRO SE). | |
| 23 | 08/30/2006 | LETTER/ORDER ISSUED BY COMMISSIONER FREUD RE: COURT IS ORDERING DEPARTMENT OF JUSTICE TO FORTHWITH SERVE A COPY OF STATE'S RESPONSE UPON THE DEFENDANT AND FILE A COPY OF THE CERTIFI-CATE OF SERVICE/MAILING WITH THE COURTBY SEPT 5, 2006, ACCORDINLGY, MOTION FOR SANCTION FOR DELAY IS DISMISSED. DEFENDANT SHALL FILE FINAL REPLY BRIEF WITH THE PROTHONOTARY BY OCTOBER 13, 2006. | FREUD ANDREA MAYBEE |

SUPERIOR COURT CRIMINAL DOCKET                           Page    3
( as of  09/06/2007 )

State of Delaware v.  CLARENCE H EDWARDS                           DOB: 05/30/1961
State's Atty: ROBERT J O'NEILL , Esq.          AKA:
Defense Atty: KATHLEEN AMALFITANO , Esq.

```
        Event
No.     Date          Event                                        Judge
------------------------------------------------------------------------------------
24   09/05/2006
        CERTIFICATE OF MAILING OF THE STATE'S RESPONSE TO MOTION FOR POSTCON-
        VICTION RELIEF UPON CLARENCE EDWARDS AT DCC (SANDI NICKERSON, DEPART-
        MEN OF JUSTICE).
25   09/21/2006
        DEFENDANT'S REPLY BRIEF TO THE OPPONENT'S SUBMISSIONS FILED (PRO SE).
26   09/22/2006
        MEMORANDUM FILED FROM PARALEGAL OFFICE TO COMMISSIONER FREUD
        RE: MOTION FOR POSTCONVICTION RELIEF HAS COMPLETED BRIEFING AND
        APPEARS READY FOR YOUR HONOR'S REPORT AND RECOMMENDATION.
27   01/05/2007
        CERTIFIED COPY OF DOCKET REQUESTED AND SENT.
28   03/21/2007                                    FREUD ANDREA MAYBEE
        COMMISSIONER'S REPORT AND RECOMMENDATIONS FILED UPON CONSIDERATION OF
        DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF: RECOMMENDATION THAT THE
        COURT DENY EDWARDS' MOTION FOR POSTCONVICTION RELIEF AS PROCEDURALLY
        BARRED.
29   04/02/2007
        APPEAL FILED FROM COMMISSIONER'S REPORT AND RECOMMENDATIONS FILED
        (PRO SE).
30   04/04/2007
        LETTER FROM PAMELA QUAIL-BRUMMELL, PARALEGAL, TO STEPHEN WELCH,
        ESQUIRE, FOR ROBERT O'NIELL, ESQUIRE
        RE: STATE SHALL HAVE 10 DAYS TO RESPOND TO DEFENDANT'S APPEAL
        OF COMMISSIONER'S REPORT AND RECOMMENDATION.
31   04/05/2007
        MOTION TO AMEND DEFENDANT'S APPEAL TO COMMISSIONER'S REPORT AND
        RECOMMENDATION FILED (PRO SE).
        APPROVED - MAY AMEND, BY JUDGE WITHAM 4/16/07.
32   04/19/2007
        LETTER FROM PAMELA QUAIL-BRUMMELL, PARALEGAL, TO STEPHEN WELCH,
        ESQUIRE, FOR ROBERT O'NEILL, ESQUIRE
        RE: STATE HAS 10 DAYS TO RESPOND TO DEFENDANT'S MOTION TO AMEND
        APPEAL FROM COMMISSIONER'S REPORT AND RECOMMENDATION, APPROVED BY
        JUDGE WITHAM ON 4/16/07.
33   08/03/2007
        CENTIFIED COPY OF DOCKET AND SENTENT ORDER SENT TO THE DEFENDANT.
34   08/17/2007                                    VAUGHN JAMES T. JR.
        ORDER: NOW, THEREFORE, AFTER A CAREFUL AND DE NOVO REVIEW OF THE
        RECORD IN THIS CASE, INCLUDING THE APPEAL, AND FOR THE REASONS
        STATED IN THE COMMISSIONER'S REPORT AND RECOMMENDATION DATED
        MARCH 21, 2007, IT IS ORDERED THAT THE WELL-REASONED COMMISSIONER'S
```

# TRUTH-IN-SENTENCING GUILTY PLEA FORM
## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
### IN AND FOR _____Kent_____ COUNTY

| STATE OF DELAWARE | ) | ID: _05040227145_ |
|---|---|---|
| v. | ) | |
| CLARENCE H. EDWARDS | ) | CRA: _1K05-05-0179 thru 0181_ |

### The defendant must answer the following questions in his or her own handwriting.

Date of Birth ___5-30-61___    Last grade in school completed ___10th___

| | | |
|---|---|---|
| Have you ever been a patient in a mental hospital? | ☐ Yes ☒ No | |
| Are you under the influence of alcohol or drugs at this time? | ☐ Yes ☒ No | |
| Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement? | ☒ Yes ☐ No | |
| Have you been promised anything that is not stated in your written plea agreement? | ☐ Yes ☒ No | |
| Has your attorney, the State, or anyone threatened or forced you to enter this plea? | ☐ Yes ☒ No | |

Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional right:

(1) to be **presumed innocent** until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;
(2) to a **speedy and public trial**;
(3) to **trial by jury**;
(4) to **hear and question the witnesses** against you;
(5) to **present evidence** in your defense;
(6) to **testify** or not testify yourself; and,
(7) to **appeal** to a higher court?

☒ Yes ☐ No

| OFFENSE | STATUTORY PENALTY | | TIS GUIDELINE |
|---|---|---|---|
| | Incarceration | Amount of Fine (range if applicable) | |
| SEXUAL SOLICITATION OF A CHILD | 0-15 YRS | | 0-10 YRS |
| | | | |
| | | | |

**TOTAL CONSECUTIVE MAXIMUM PENALTY:** Incarceration: _15 YRS_    Fine: _____

*NON-CITIZENS: Conviction of a criminal offense may result in deportation, exclusion from the United States, or denial of naturalization.*

| | |
|---|---|
| Do you understand that, if incarcerated, you will not be eligible for parole, and the amount of early release credits which you may earn will be limited to a maximum of ninety (90) days per year? | ☒ Yes ☐ No |
| Is there a **minimum mandatory penalty?** | ☐ Yes ☒ No |
| If so, what is it?_____ | |
| Is there a **mandatory revocation of driver's license or privileges** for this offense or as a result of your plea? | ☐ Yes ☒ No |
| If so, what is the **length of revocation?** _____ years | |
| Has anyone promised you what your sentence will be? | ☐ Yes ☒ No |
| Were you on **probation or parole** at the time of this offense? (A guilty plea may constitute a violation.) | ☐ Yes ☒ No |
| Do you understand that a guilty plea to a felony will cause you to **lose your right to vote, to be a juror, to hold public office**, and other civil rights? | ☒ Yes ☐ No |
| Have you been advised that this is an offense which results in the loss of the **right to own or possess a deadly weapon?** | ☒ Yes ☐ No |
| Have you been advised that this is an offense which requires **registration as a sex offender?** | ☒ Yes ☐ No |
| Are you satisfied with your lawyer's representation of you and that your lawyer has **fully advised you of your rights** and of your guilty plea? | ☒ Yes ☐ No |
| Have you read and understood all the information contained in this form? | ☒ Yes ☐ No |

_____    23 NV 1,2005 x Clarence Edwards
Defense Counsel              Date                Defendant

Print name: _KATHRYN MAHER_    Exhibit C    Print name: _Clarence Edwards_

Superior Court of the State of Delaware, _Kent_ _____ County

# PLEA AGREEMENT

State of Delaware v. _CLARENCE H. EDWARDS_

Case No(s): _0504622745_ Cr.A.#s: _0505 0179 -0181_.

☐ Title 11HAB. OFFENDER _____        ☐ BOOT CAMP ELIGIBLE        ☐ INELIGIBLE
☐ RULE 11(e)(1)(C) — If out of guideline, reason is as follows: _____
☐ Title 11, §4336, sex offender notification required    ☐ Title 11, §9019(e), forensic fine ☐ $100(F), ☐ $50(M)

**Defendant will plead guilty to:**

| Count | Cr.A.# | Charge | [LIO if applicable] |
|-------|--------|--------|---------------------|
| 1 | 05050179 | Sexual Solicitation of a Child | |

Upon the sentencing of the defendant, a **nolle prosequi** is entered on ☐ the following charges/☒ all remaining charges on this indictment:

Count    Cr.A.#                    Charge

**Sentence Recommendation/Agreement:** ☒ PSI  ☒ Immediate Sentencing
_10 years at L-5 suspended after serving 7 1/2 years_
_for 1 1/2 year at 1-3 followed by 1 year L-2_

**State and Defendant agree to the following:**
☐ Restitution: _____
☒ No _____ contact w/ any child under 18.
☒ Other Conditions:
_The defendant agrees to submit to a mental health_
_evaluation and will follow any treatment recommended_

DAG: _Robert J. O'Neill, JR._    DEF. COUNSEL: _KATHLEEN AMMERMAN_
     PRINT NAME                                PRINT NAME

     _Robert J. O'Neill Jr._                   _signature_
          SIGNATURE                              SIGNATURE

Date: _July 26, 2005_           DEFENDANT: _Clarence Edwards_
                                _Exhibit B_

XC: Attorney for Defendant, Defendant                         Page    of
Attorney General, Attorney General Worksheet

Test Report for EDWARDS, CLARENCE
ID Number: 00158551
Test Date: 02/20/07                          2-15-07 Plmt Comp
Run Date: 02/20/07                           TABE 9/10 Basic Ed
Page No: 1                                   Bull/ED
                                             DCC

Subtestsp: Entitl/F   NC    NA    SS    GE    NP   NRS   NS    OM    Predicted GED

Math Compu        E9    35    40   464   4.8   31    4     4   100   Math      320 I
Applied Math      E9    35    48   468   4.8   31    4    33         I = Instruct
                                                                     R = Review
Total Math              70    88   466   4.8   32    3     4         T = Test

L/F=Test Lev & Frm   NC=No. Correct      NA=No. Attempted
SS=Scale Score       GE=Grade Equiv      NP=National %ile
NRS=Literary Level   NS=National Stan    OM=# Obj. Mastered

Objectives          Score   MST  Percent

Math Compu
  E11 ADD WHL NUM    7/ 9    +        77
  E12 SUB WHL NUM    8/ 8    +.      100
  E13 MUL WHL NUM    8/ 8    +       100
  E14 DIV WHL NUM    6/ 8    +        75
  E15 DECIMALS       6/ 7    +        85
  Subtest Avg                        88

Applied Math
  E21 NUM OPERATN    7/10    P        70
  E22 COMP CONTXT    6/ 6    +       100
  E23 ESTIMATION     2/ 5    -        40
  E24 MEASUREMENT    5/ 5    +       100

1H

Test Report for EDWARDS CLARENCE
ID Number: 00158551
Test Date: 02/23/07
Run Date: 02/23/07
Page No: 1

2-22-07 Plmt Proj
TABE 9/10 Basic Ed
Bull/ED
DCC

| Subtestsp: | EntirL/F | NC | NA | SS | GE | NP | NRS | NS | QM |
|---|---|---|---|---|---|---|---|---|---|
| Math Compu | D0 | 21 | 40 | 488 | 5.3 | 43 | | 5 | 17 Predicted GED |

L/F=Test Lev & Frm    NC=No. Correct    NA=No. Attempted
SS=Scale Score        GE=Grade Equiv    NP=National %ile
NRS=Literary Level    NS=National Stan  OM=% Obj. Mastered

| Objectives | Score | MST | Percent |
|---|---|---|---|
| Math Compu | | | |
| D13 MUL WHL NUM | 4/ 5 | + | 80 |
| D14 DIV WHL NUM | 3/ 5 | P | 60 |
| D15 DECIMALS | 5/ 8 | P | 62 |
| D16 FRACTIONS | 4/ 8 | P | 50 |
| D17 INTEGERS | 4/ 9 | - | 44 |
| D18 PERCENTS | 1/ 5 | - | 20 |
| Subtest Avg | | | 53 |

Exhibit B

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | |
|---|---|
| **STATE OF DELAWARE** | ) |
| | ) |
| | ) |
| v. | )     IK05-05-0179-R1 |
| | ) |
| **CLARENCE H. EDWARDS,** | ) |
| | ) |
| Defendant. | ) |
| ID. No. 0504022745 | ) |

Robert J. O'Neill, Jr., Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Clarence H. Edwards, *pro se.*

## COMMISSIONER'S REPORT AND RECOMMENDATIONS

Upon Consideration of Defendant's Motion for Postconviction Relief
Pursuant to Superior Court Criminal Rule 61

**FREUD, Commissioner**
March 21, 2007

The Defendant, Clarence H. Edwards ("Edwards") pled guilty to one count of Sexual Solicitation of a Child, 11 *Del.C.* § 1112 on August 23, 2005. Had Edwards gone to trial he was facing the foregoing charge as well as one count of Indecent Exposure in the First Degree, 11 *Del.C.* §765 and one count of

*lE*

*State v. Edwards*
ID No. 0504022745
March 21, 2007

Harassment, 11 *Del.C.* § 1311. In exchange for his plea the State entered a *nolle prosequi* on these counts and agreed to recommend a sentence of seven and a half years in prison. The Court agreed with the State's recommendation and Edwards was sentenced to ten years at Level V, suspended after serving seven years and six months followed by two and one half years of various levels of probation. Edwards did not appeal his conviction to the state Supreme Court, instead, he filed the instant motion for postconviction relief pursuant to Superior Court Criminal Rule 61.

The charges stemmed from two separate incidents with minors. On February 14, 2005, Edwards followed Jennesis Santiago (age 13) in his auto as she walked down the street. She repeatedly crossed the street to avoid Edwards when he yelled to her and asked her approach the vehicle. On April 16, 2005, Edwards offered Alesha Brown ("Brown") (age 12) a ride home after she chased her dog on West North Street. Edwards drove Brown home and she exited the vehicle. Edwards then asked her if she needed money. He then exposed his penis and offered her twenty dollars to touch him.[1]

In his motion Edwards lists three grounds for relief:

Ground One: Coerced confession or Guilty plea.
Was told if didn't sign plea would be sentence more time on 2 more counts and had no time to think about it.

Ground Two: Denial of right to confront witnesses.

---

[1] Affidavit of Probable Cause, April 28, 2005

2

*State v. Edwards*
ID No. 0504022745
March 21, 2007

> Was never told of my right to confront or go to trial until after sign
> plea agreement dated 7/26/2005[Truth-in-sentencing signed after
> 8/23/2005.
>
> Ground Three: Ineffective assistance of counsel by not guarding my
> due process rights and letting me know my rights before my plea
> agreement didn't represent me fully.

The Court notes that Edwards has filed a motion only, with no supporting memorandum. The grounds listed above constitute Edwards' assertions *in toto*.

Under Delaware law this Court must first determine whether Edwards has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of his postconviction relief claim.[2] This is Edwards' first motion for postconviction relief and it was filed within one year of his conviction becoming final, so the requirements of Rule 61(i): (1) requiring filing within one year and (2) requiring that all grounds for relief be presented in initial Rule 61 motion, are met. Edwards' claims were not raised at the plea or sentencing. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. All of Edwards' contentions can be construed as based on ineffective assistance of counsel; thus should he be able to demonstrate his counsel was in fact ineffective, he will have alleged sufficient cause for his failure to have raised these claims earlier.

---

[2] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

3

*State v. Edwards*
ID No. 0504022745
March 21, 2007

Rule 61(i)(3) does not bar relief at this point as to Edwards' grounds for relief should he demonstrate that his counsel was ineffective and that he was prejudiced by counsel's actions. To prevail on his claims of ineffective assistance of counsel, Edwards must meet the two prong test of *Strickland v. Washington*.[3] In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[4] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[5] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[6] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong

---

[3] 466 U.S. 668 (1984); *Larson v. State*, 1995 Del. LEXIS 238; *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992); *Albury v. State*, 551 A.2d 53 (Del. 1988).

[4] *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985); *Strickland*, 466 U.S. at 688, 694; *accord Larson*, 1995 Del .LEXIS 238; *Blanchfield v. State*, 1994 Del. LEXIS 238; *Skinner*, 607 A.2d at 1172; *Albury*, 551 A.2d at 58.

[5] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[6] *Younger*, 580 A.2d at 556; *Skinner v. State*, 1994 WL 91138 (Del. 1994).

4

*State v. Edwards*
ID No. 0504022745
March 21, 2007

presumption that counsel's conduct was professionally reasonable.[7] This standard is highly demanding.[8]    *Strickland* mandates that when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[9]

Following a complete review of the record in this matter, it is abundantly clear that Edwards has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find counsel's affidavit, in conjunction with the record, more credible than Edwards' vague contention that his counsel's representation was ineffective. Edwards was facing trial on serious charges and risked being sentenced to a substantial period of time in prison. Edwards' counsel was able to negotiate a plea bargain with the State which resulted in only seven and a half years of incarceration. Edwards and his attorney discussed the case prior to the entry of the plea. The case against Edwards was strong. The plea bargain was clearly advantageous to Edwards. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Edwards entered his guilty plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the

---

[7] *Albury*, 551 A.2d at 59 (*citing Strickland*, 466 U.S. 689); *see also Larson*, 1995 Del. LEXIS 238; *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

[8] *Flamer*, 585 A.2d at 754.

[9] *Strickland*, 466 U.S. at 639.

5

*State v. Edwards*
ID No. 0504022745
March 21, 2007

contrary.[10] Consequently, Edwards has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Edwards was somehow deficient, Edwards must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[11]    In an attempt to show prejudice, Edwards simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice.

To the extent that Edwards alleges his plea was involuntary, the record clearly contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to the plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[12] At the guilty-plea hearing, the Court asked Edwards whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Edwards if he understood he would waive his constitutional rights if he pled guilty, if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"), and

---

[10] *Blanchfield*, 1994 Del. LEXIS 238; *Mapps v. State*, 1994 Del. LEXIS 94 (*citing Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[11] *Larson*, 1995 Del. LEXIS 238; *Younger*, 580 A.2d at 556.

[12] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

6

*State v. Edwards*
ID No. 0504022745
March 21, 2007

whether he gave truthful answers to all the questions on the form. The Court asked Edwards if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Edwards if he was giving the plea of his own free will because he was in fact guilty. The Court also asked Edwards if he was satisfied with his counsel's representation. Finally, the Court asked Edwards if he was in fact guilty of the charge. Edwards answered each of these questions clearly and affirmatively.[13] Edwards' counsel, in her affidavit, detailed their discussions and clearly Edwards was in no way coerced to enter his plea. I find counsel's representations far more credible than Edwards' self-serving, vague allegations.

Furthermore, prior to entering his guilty plea, Edwards signed a Guilty Plea Form and Plea Agreement in his own handwriting. Edwards' signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Edwards is bound by the statements he made on the signed Guilty Plea Form unless he proves otherwise by clear and convincing evidence.[14] I confidently find that Edwards entered his guilty plea knowingly and

---

[13] *State v. Edwards*, Del. Super., ID No. 0504022745 (Aug. 23, 2005), tr. at 3- 8.

[14] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Hickman v. State*, 1994 Del. LEXIS 320; *Smith v. State*, 571 A.2d 788 (Del. 1990); *see also Sullivan*, 636 A.2d at 938 (ruling the fact that defendant filled out Truth-In-Sentencing Guilty Plea Form in defendant's own handwriting supported the Superior Court's conclusion that defendant's decision to plead guilty was knowing and voluntary).

7

*State v. Edwards*
ID No. 0504022745
March 21, 2007

voluntarily and that Edwards' first ground for relief is completely meritless.

I find that Edwards' counsel represented his in a competent and effective manner and that Edwards has failed to demonstrate any prejudice stemming from the representation. I also find that Edwards' guilty plea was entered knowingly and voluntarily. Consequently, I recommend that the Court *deny* Edwards' motion for postconviction relief as procedurally-barred.

Commissioner

AMF/ds
oc:    Prothonotary
cc:    Hon. William L. Witham, Jr.
       Kathleen K. Amalfitano, Esq.
       File

8

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CLARENCE H. EDWARDS, | ) |
| | ) |
| Defendant-Below, | ) |
| Appellant | ) |
| | ) |
| v. | )    No. 445, 2007 |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Plaintiff-Below, | ) |
| Appellee | ) |

### MOTION TO AFFIRM

Pursuant to Rule 25(a), the State of Delaware moves to affirm the judgment of the Superior Court on the grounds that it is manifest on the face of the opening brief that the appeal is without merit for the following reasons:

1. The Kent County grand jury on July 5, 2005 indicted Clarence H. Edwards, charging him with sexual solicitation of a child, first degree indecent exposure, and harassment. (Dkt. Entries at 1, attached as Ex. A). (The circumstances leading to the charges are outlined in the Report and Recommendation of the Superior Court Commissioner. (Ex. E at 2).) Pursuant to a plea agreement, Edwards pled guilty on August 23,

2005 to sexual solicitation of a child; the prosecution agreed to dismiss the other two counts of the indictment. (Ex. B & C). Following the guilty plea colloquy, the Superior Court immediately sentenced Edwards to 10 years Level V imprisonment, suspended after 7½ years imprisonment for 2½ years of decreasing levels of probation. (Ex. D at 8-9). Edwards did not appeal from his 2005 conviction and sentence.

2. In February 2006, Edwards filed a motion for post-conviction relief in the Superior Court. (Ex. A at 1-2; Appellant's Appendix at 1c). After receiving responses to the motion from Edwards' former counsel and the prosecution, the Superior Court Commissioner to whom the case had been referred recommended that Edwards' motion be denied. (Ex. E). By order of August 17, 2007, the Superior Court adopted the Commissioner's Report and Recommendation and denied post-conviction relief. (Ex. F).

3. The Superior Court did not abuse its discretion by denying relief. Edwards' first claim was that his guilty plea was coerced; according to Edwards, he was told that in the absence of the guilty plea, he would be sentenced to more prison time. Given that the plea agreement resulted in the prosecution's *nolle prosequi* of two additional

charges, Edwards' factual premise is correct. The problem for Edwards is that as a matter of law, his decision to plead guilty in order to avoid the risk of additional prison time is not "coercion." *Brady v. United States*, 397 U.S. 742, 751-52 (1970) ("We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged."). Contrary to Edwards' thinking, his right to confront his two twelve and thirteen year old accusers was waived by his 2005 guilty plea. *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003). The related contention that the guilty plea was involuntary is contradicted by the defendant's statements during the guilty plea colloquy (Ex. D) and the representation contained in the Truth-In-Sentencing Guilty Plea Form (Ex. C). In the absence of clear and convincing evidence otherwise, Edwards is now bound by his statements at the plea colloquy and on the guilty plea form. *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

4. Edwards also contends that he received ineffective assistance of counsel because his due process rights were not protected and he was not advised of his rights before entry of the guilty plea. As the Commissioner observed in her report (Ex. E at 6-8), that contention is also contradicted by the guilty plea form (Ex. C) and the plea colloquy (Ex. D). Edwards points to no specific due process deficiency and none is apparent from the record. Edwards did not establish either that counsel's performance was unreasonable or that, but for counsel's alleged deficiencies, there is a reasonable probability that he would not have pled guilty and would have elected to proceed to trial. *See Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985); *Albury v. State*, 551 A.2d 53, 58 (Del. 1988). Superior Court, accordingly, correctly denied Edwards' motion for post-conviction relief.

5. The judgment of the Superior Court should be affirmed.

/s/ John Williams
John Williams
Deputy Attorney General
Department of Justice
102 West Water Street
Dover, DE 19904-6750
(302) 739-4211 (ext. 263)
I.D. # 365

November 1, 2007

ORIGINAL

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

STATE OF DELAWARE                ) C.A. No. IK05-05-0179
                                 )
                                 )
      vs.                        )
                                 )
CLARENCE H. EDWARDS,             )
I.D. No. 0504022745              )
                                 ) Plea and Sentencing
      Defendant.                 ) August 23, 2005

                    *  *  *  *  *

BEFORE:  HON. WILLIAM L. WITHAM, JR., RESIDENT JUDGE

                    *  *  *  *  *

APPEARANCES:

          GREGORY R. BABOWAL, ESQUIRE
          Deputy Attorney General
          on behalf of the State of Delaware.


          KATHLEEN K. AMALFITANO, ESQUIRE
          Assistant Public Defender
          on behalf of the Defendant.



          TRANSCRIPT OF PLEA AND SENTENCING

          Tuesday, August 23, 2005



               SHEILA A. DOUGHERTY
               Official Court Reporter

KENT COUNTY PROTHONOTARY
06 MAR -9 PM 4:04
RECEIVED AND FILED

2

1
2  PRESENT:  As noted.

3            *  *  *  *  *

4        MR. BABOWAL:  Your Honor, Number 22,

5  Mr. Edwards, is going to be a plea.  Pleading guilty

6  to Count 5, 05-05-0179, sexual solicitation of a

7  child.  State will enter a nolle prosequi on the

8  remaining charges.  Immediate sentencing, ten years

9  Level 5, suspended after serving seven and a half

10  years for one and a half years at Level 3, followed

11  by one year Level 2.  No contact with any child

12  under the age of 18.  Defendant agrees to submit to

13  a mental health evaluation and will follow any

14  treatment recommended.  That is the entire

15  agreement, Your Honor.

16        MS. AMALFITANO:  Your Honor, this is

17  Clarence Edwards.  I have reviewed the plea

18  agreement and the Truth in Sentencing Guidelines.  I

19  have also reviewed the evidence that the State has.

20  I believe there is sufficient evidence for the State

21  to go forward, and it is in Mr. Edwards' best

22  interest to enter into this plea agreement.

23        I believe he is entering a knowing,

10/30/2007 TUE 10:30  FAX                                                    ☒013/031

3

1   intelligent and voluntary plea, and I present him to

2   the Court.

3           THE COURT:  All right.

4                   *  *  *  *  *

5               CLARENCE H. EDWARDS

6                   *  *  *  *  *

7           the Defendant herein, being duly sworn,

8           was examined and testified as follows:

9           THE COURT:  Mr. Edwards, did you hear

10  everything that your attorney stated on the record

11  about this plea?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Thank you.  Do you understand

14  what he has indicated to the Court -- what she has

15  indicated to the Court?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And do you have any questions

18  about your plea so far?

19          THE DEFENDANT:  No.

20          THE COURT:  All right.  Do you understand

21  you have a right to speedy trial with the assistance

22  of a lawyer, but you waive that right if you enter a

23  plea today?

4

1    THE DEFENDANT: Yes.

2    THE COURT: You will have the benefit of

3    having counsel represent you at sentencing if I

4    accept this plea, but you also need to understand

5    this plea agreement is merely a recommendation only

6    to the Court. The Court does not have to follow it.

7    Do you understand that?

8    THE DEFENDANT: Yes.

9    THE COURT: Thank you. Having said that,

10   we are going to be going over two documents, the

11   plea agreement as well as the Truth in Sentencing

12   forms, and I would ask whether you have copies of

13   these in front of you.

14   THE DEFENDANT: Yes.

15   THE COURT: Okay. The two forms as well

16   as what counsel has told the Court indicate that you

17   are going to enter a plea to one count of sexual

18   solicitation of a child. This is a felony. It

19   carries a maximum potential exposure for you up to

20   15 years in jail, Level 5, plus a fine to be

21   determined by the Court. Do you understand that?

22   THE DEFENDANT: Yes.

23   THE COURT: Thank you. The Truth in

6

1            THE DEFENDANT:  No.

2            THE COURT:  Okay.  Do you understand the

3    nature of this charge against you?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Has anyone forced or

6    threatened you with respect to this offense?

7            THE DEFENDANT:  No.

8            THE COURT:  And are you in fact guilty of

9    this offense?

10           THE DEFENDANT:  No.

11           THE COURT:  You are not guilty?

12           THE DEFENDANT:  Yes.  I am sorry.  Yes.

13           THE COURT:  You are guilty?  All right.

14   Did you sign this form?

15           THE DEFENDANT:  Yes.

16           THE COURT:  And did you also sign the plea

17   agreement form?

18           THE DEFENDANT:  Yes.

19           THE COURT:  And does the plea agreement

20   form reflect everything that you have agreed to do

21   in this case?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Have you had sufficient time

```
 1   to review the matter with your attorney?
 2                THE DEFENDANT:  Yes.
 3                THE COURT:  Thank you.  And has your
 4   attorney fully advised you of your rights pertaining
 5   to your plea?
 6                THE DEFENDANT:  Yes.
 7                THE COURT:  Has she otherwise represented
 8   you in that case to your satisfaction?
 9                THE DEFENDANT:  Yes.
10                THE COURT:  Okay.  Thank you.
11                THE DEFENDANT:  You are welcome.
12                THE COURT:  Ms. Amalfitano and
13   Mr. Babowal, any reason why the Court should not
14   accept the plea?
15                MS. AMALFITANO:  No, Your Honor.
16                MR. BABOWAL:  No, Your Honor.
17                THE COURT:  All right.  Very good.  The
18   Court finds the plea is made knowingly and
19   voluntarily with an understanding of the plea as
20   well as the consequences.  The plea will be
21   accepted.
22                Any additional comments, counsel?
23                MS. AMALFITANO:  No, Your Honor.
```

8

1           THE COURT:   Any comments from Mr. Edwards

2   about this matter?

3           THE DEFENDANT:   No, sir.  I am just hoping

4   that I could have got some more probation.  That is

5   all.

6           THE COURT:   All right.

7           THE DEFENDANT:   Thank you, sir.  That's

8   all.

9           THE COURT:   All right.  Thank you.

10           THE DEFENDANT:   You are welcome.

11           THE COURT:   Mr. Babowal, any comments?

12           MR. BABOWAL:   No, Your Honor.

13           THE COURT:   All right.  Very good.

14           All right.  Very good.  I have read the

15   file and I will follow the recommendation that the

16   parties have worked out in this regard.

17           Therefore, it is the order of the Court

18   Mr. Edwards shall be adjudicated guilty of the

19   offense as charged.  That is in connection with

20   05-05-0179.  He shall pay the cost of prosecution,

21   plus all statutory surcharges.

22           With respect to the offense, he shall be

23   sentenced as follows:  Court will sentence him to

9

1   ten years Level 5, suspended after serving seven and

2   one-half years, to be followed by one and a half

3   years at Level 3, followed by one year Level 2.

4   Because of the nature of the offense the statute

5   allows this matter -- allows the Court to sentence

6   him to a longer period of probation than would

7   normally occur. It is a sexual offense case.

8          The Court will also order no contact with

9   any child under the age of 18, and also the

10  defendant will also submit to a mental health

11  evaluation and follow any treatment that may be

12  recommended.

13         Is there credit time to be given to

14  Mr. Edwards?

15         MS. AMALFITANO: Yes, Your Honor.

16  April 28.

17         THE COURT: April 28. All right. The

18  effective date of this order will be April 28.

19         THE CLERK: Your Honor, may I approach?

20         (A sidebar conference was held off

21  the record.)

22         THE COURT: All right. Is there an

23  agreement with respect to the tier level?

SHEILA A. DOUGHERTY
Official Court Reporter

10

1             MS. AMALFITANO:  Tier II, Your Honor.

2             THE COURT:  All right.  Does the State

3    agree?

4             MR. FAVATA:  Yes, Your Honor.

5             THE COURT:  All right.  Since the parties

6    have agreed there is no need for a hearing on the

7    tier level.  Therefore, the tier level will be Level

8    II.

9             That is all.  Good luck to you.

10            MS. AMALFITANO:  Thank you, Your Honor.

11                    *  *  *  *  *

12            (Whereupon the proceedings were

13   concluded.)

14                    *  *  *  *  *

15

16

17

18

19

20

21

22

23

11

1                    CERTIFICATE OF REPORTER

2

3              I, Sheila Dougherty, RMR and Official

4    Court Reporter of the Superior Court, State of

5    Delaware, do hereby certify that the foregoing is an

6    accurate transcript of the testimony adduced and

7    proceedings had, as reported by me, in the Superior

8    Court of the State of Delaware, in and for Kent

9    County, in the case therein stated, as the same

10   remains of record in the office of the Prothonotary

11   of Kent County, at Dover, Delaware.

12              WITNESS my hand this   9th   day of

13        March     , A.D., 2006.

14

15

16

17

18

19                          Sheila A. Dougherty
20                          Official Court Reporter
                            Certificate No. 142-PS
21                          Expiration:  Permanent

22

23

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| | ) |
| v. | )   IK05-05-0179-R1 |
| | ) |
| CLARENCE H. EDWARDS, | ) |
| | ) |
| Defendant. | ) |
| ID. No. 0504022745 | ) |

Robert J. O'Neill, Jr., Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Clarence H. Edwards, *pro se.*

### COMMISSIONER'S REPORT AND RECOMMENDATIONS

Upon Consideration of Defendant's Motion for Postconviction Relief
Pursuant to Superior Court Criminal Rule 61

**FREUD, Commissioner**
March 21, 2007

The Defendant, Clarence H. Edwards ("Edwards") pled guilty to one count of Sexual Solicitation of a Child, 11 *Del.C.* § 1112 on August 23, 2005. Had Edwards gone to trial he was facing the foregoing charge as well as one count of Indecent Exposure in the First Degree, 11 *Del.C.* §765 and one count of

Exhibit E

*State v. Edwards*
ID No. 0504022745
March 21, 2007

Harassment, 11 *Del. C.* § 1311. In exchange for his plea the State entered a *nolle prosequi* on these counts and agreed to recommend a sentence of seven and a half years in prison. The Court agreed with the State's recommendation and Edwards was sentenced to ten years at Level V, suspended after serving seven years and six months followed by two and one half years of various levels of probation. Edwards did not appeal his conviction to the state Supreme Court, instead, he filed the instant motion for postconviction relief pursuant to Superior Court Criminal Rule 61.

The charges stemmed from two separate incidents with minors. On February 14, 2005, Edwards followed J███ S███ (age 13) in his auto as she walked down the street. She repeatedly crossed the street to avoid Edwards when he yelled to her and asked her approach the vehicle. On April 16, 2005, Edwards offered A███ B███ ("B███") (age 12) a ride home after she chased her dog on West North Street. Edwards drove B███ home and she exited the vehicle. Edwards then asked her if she needed money. He then exposed his penis and offered her twenty dollars to touch him.[1]

In his motion Edwards lists three grounds for relief:

Ground One: Coerced confession or Guilty plea.
Was told if didn't sign plea would be sentence more time on 2 more counts and had no time to think about it.

Ground Two: Denial of right to confront witnesses.

---

[1] Affidavit of Probable Cause, April 28, 2005

*State v. Edwards*
ID No. 0504022745
March 21, 2007

> Was never told of my right to confront or go to trial until after sign
> plea agreement dated 7/26/2005[Truth-in-sentencing signed after
> 8/23/2005.
>
> Ground Three: Ineffective assistance of counsel by not guarding my
> due process rights and letting me know my rights before my plea
> agreement didn't represent me fully.

The Court notes that Edwards has filed a motion only, with no supporting memorandum. The grounds listed above constitute Edwards' assertions *in toto*.

Under Delaware law this Court must first determine whether Edwards has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of his postconviction relief claim.[2] This is Edwards' first motion for postconviction relief and it was filed within one year of his conviction becoming final, so the requirements of Rule 61(i): (1) requiring filing within one year and (2) requiring that all grounds for relief be presented in initial Rule 61 motion, are met. Edwards' claims were not raised at the plea or sentencing. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. All of Edwards' contentions can be construed as based on ineffective assistance of counsel; thus should he be able to demonstrate his counsel was in fact ineffective, he will have alleged sufficient cause for his failure to have raised these claims earlier.

---

[2] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

3

*State v. Edwards*
ID No. 0504022745
March 21, 2007

Rule 61(i)(3) does not bar relief at this point as to Edwards' grounds for relief
should he demonstrate that his counsel was ineffective and that he was prejudiced
by counsel's actions. To prevail on his claims of ineffective assistance of counsel,
Edwards must meet the two prong test of *Strickland v. Washington*.[3] In the context
of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's
representation fell below an objective standard of reasonableness; and (2) that
counsel's actions were prejudicial to him in that there is a reasonable probability
that, but for counsel's error, he would not have pled guilty and would have insisted
on going to trial and that the result of a trial would have been his acquittal.[4] The
failure to establish that a defendant would not have pled guilty and would have
proceeded to trial is sufficient cause for denial of relief.[5] In addition, Delaware
courts have consistently held that in setting forth a claim of ineffective assistance of
counsel, a defendant must make concrete allegations of actual prejudice and
substantiate them or risk summary dismissal.[6] When examining the representation
of counsel pursuant to the first prong of the *Strickland* test, there is a strong

---

[3] 466 U.S. 668 (1984); *Larson v. State*, 1995 Del. LEXIS 238; *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992); *Albury v. State*, 551 A.2d 53 (Del. 1988).

[4] *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985); *Strickland*, 466 U.S. at 688, 694; *accord Larson*, 1995 Del .LEXIS 238; *Blanchfield v. State*, 1994 Del. LEXIS 238; *Skinner*, 607 A.2d at 1172; *Albury*, 551 A.2d at 58.

[5] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[6] *Younger*, 580 A.2d at 556; *Skinner v. State*, 1994 WL 91138 (Del. 1994).

4

*State v. Edwards*
ID No. 0504022745
March 21, 2007

presumption that counsel's conduct was professionally reasonable.[7] This standard is highly demanding.[8]   *Strickland* mandates that when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[9]

Following a complete review of the record in this matter, it is abundantly clear that Edwards has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find counsel's affidavit, in conjunction with the record, more credible than Edwards' vague contention that his counsel's representation was ineffective. Edwards was facing trial on serious charges and risked being sentenced to a substantial period of time in prison. Edwards' counsel was able to negotiate a plea bargain with the State which resulted in only seven and a half years of incarceration. Edwards and his attorney discussed the case prior to the entry of the plea. The case against Edwards was strong. The plea bargain was clearly advantageous to Edwards. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Edwards entered his guilty plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the

---

[7] *Albury*, 551 A.2d at 59 (citing. *Strickland*, 466 U.S. 689); *see also Larson*, 1995 Del. LEXIS 238; *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

[8] *Flamer*, 585 A.2d at 754.

[9] *Strickland*, 466 U.S. at 639.

5

*State v. Edwards*
ID No. 0504022745
March 21, 2007

contrary.[10] Consequently, Edwards has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Edwards was somehow deficient, Edwards must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[11] In an attempt to show prejudice, Edwards simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice.

To the extent that Edwards alleges his plea was involuntary, the record clearly contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to the plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[12] At the guilty-plea hearing, the Court asked Edwards whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Edwards if he understood he would waive his constitutional rights if he pled guilty, if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"), and

---

[10] *Blanchfield*, 1994 Del. LEXIS 238; *Mapps v. State*, 1994 Del. LEXIS 94 *(citing Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[11] *Larson*, 1995 Del. LEXIS 238; *Younger*, 580 A.2d at 556.

[12] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

6

*State v. Edwards*
ID No. 0504022745
March 21, 2007

whether he gave truthful answers to all the questions on the form. The Court asked
Edwards if he had discussed the guilty plea and its consequences fully with his
attorney. The Court asked Edwards if he was giving the plea of his own free will
because he was in fact guilty. The Court also asked Edwards if he was satisfied
with his counsel's representation. Finally, the Court asked Edwards if he was in
fact guilty of the charge. Edwards answered each of these questions clearly and
affirmatively.[13] Edwards' counsel, in her affidavit, detailed their discussions and
clearly Edwards was in no way coerced to enter his plea. I find counsel's
representations far more credible than Edwards' self-serving, vague allegations.

Furthermore, prior to entering his guilty plea, Edwards signed a Guilty Plea
Form and Plea Agreement in his own handwriting. Edwards' signatures on the
forms indicate that he understood the constitutional rights he was relinquishing by
pleading guilty and that he freely and voluntarily decided to plead guilty to the
charges listed in the Plea Agreement. Edwards is bound by the statements he made
on the signed Guilty Plea Form unless he proves otherwise by clear and convincing
evidence.[14] I confidently find that Edwards entered his guilty plea knowingly and

[13] *State v. Edwards*, Del. Super., ID No. 0504022745 (Aug. 23, 2005), tr. at 3-8.

[14] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Hickman v. State*, 1994 Del. LEXIS
320; *Smith v. State*, 571 A.2d 788 (Del. 1990); *see also Sullivan*, 636 A.2d at 938 (ruling the fact
that defendant filled out Truth-In-Sentencing Guilty Plea Form in defendant's own handwriting
supported the Superior Court's conclusion that defendant's decision to plead guilty was knowing
and voluntary).

7

☑029/031

*State v. Edwards*
ID No. 0504022745
March 21, 2007

voluntarily and that Edwards' first ground for relief is completely meritless.

I find that Edwards' counsel represented his in a competent and effective manner and that Edwards has failed to demonstrate any prejudice stemming from the representation. I also find that Edwards' guilty plea was entered knowingly and voluntarily. Consequently, I recommend that the Court *deny* Edwards' motion for postconviction relief as procedurally-barred.

Commissioner

AMF/ds
oc:  Prothonotary
cc:  Hon. William L. Witham, Jr.
     Kathleen K. Amalfitano, Esq.
     File

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

STATE OF DELAWARE,           )
                             )    I.D. No. 0504022745
    v.                       )
                             )
CLARENCE H. EDWARDS,         )
                             )
        Defendant.           )

### O R D E R

On this 17th day of August, 2007, upon consideration of the Defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

(1)    The defendant, Clarence H. Edwards, pled guilty to one count of Sexual Solicitation of a Child, 11 *Del. C.* § 1112. Had he gone to trial, Defendant was facing the foregoing charge plus one count of Indecent Exposure First Degree, 11 *Del. C.* § 765 and one count of Harassment, 11 *Del. C.* § 1311.

(2)    The defendant did not appeal his conviction to the Delaware Supreme Court, but filed a motion for postconviction relief pursuant to Superior Court Criminal Rule 61.

(3)    The matter was referred to the Court Commissioner for findings of fact and recommendation pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62. The Commissioner filed a Report and Recommendation recommending that the Court deny defendant's motion for postconviction relief. The Defendant filed an appeal to the Commissioner's Report and Recommendation. However, both the State and former Defense Counsel have not filed responses to the appeal.

Exhibit F

*State v. Clarence H. Edwards*
**ID No. 0504022745**
August 17, 2007

**NOW, THEREFORE**, after a careful and *de novo* review of the record in this case, including the appeal, and for the reasons stated in the Commissioner's Report and Recommendation dated March 21, 2007,

**IT IS ORDERED** that the well-reasoned Commissioner's Report and Recommendation is adopted by the Court and defendant's Motion for Postconviction Relief is *denied* as procedurally barred.

_____
Resident Judge

WLW/dmh
oc:   Prothonotary
xc:   Hon. Andrea M. Freud
      Stephen W. Welch, Jr., Esquire
      Kathleen K. Amalfitano, Esquire
      Mr. Clarence H. Edwards, *pro se*
      Order Distribution (w/Report & Recommendation)
      File

2

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the Supreme Court of

Delaware, hereby certifies that on November 1, 2007, he caused two copies of

the attached document to be placed in the U.S. Mail, first class postage

prepaid, addressed to the following:

Clarence H. Edwards
No. 158551
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

/s/ **John Williams**
John Williams
Deputy Attorney General
Dept. of Justice

