08-117

# MEMORANDUM SUBMITTED FOR PETITIONER'S 28 U.S.C. § 2254 WRIT OF HABEAS CORPUS

STATE INMATE'S [SOLE] REMEDY FOR STATE PUBLIC DEFENDER'S ALLEDGED FRAUDULENT ACTIONS IN CONNECTION WITH PLEA AGREEMENTS WAS PETITION FOR WRIT OF HABEAS CORPUS

**CARTER v BENNETT 395 F.SUPP. 2d 745**

**U.S. CODE ANNOTATED 28 § 2254 (VOL.1)**

**VOLUNTARISM OF PLEA OF GUILTY CAN BE DETERMINED [ONLY] BY CONSIDERATION OF [ALL] OF THE RELEVANT CIRCUMSTANCES SURROUNDING IT.**

**HAYNES v. WASHINGTON 83 S.CT. 1336**

**BRADY v. U.S. 90 S.CT. 1463**

FILED
FEB 27 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

DELAWARE IN **WHITTINGHON 290 A2d 659** STATES 'THAT IF A STATUE IS NOT FOLLOWED THUS VIOLATING A DEFENDANTS RIGHTS ALL PROCEEDINGS AFTER THAT FACT ARE **VOID**'. ALSO SEE **HESTER v. KAMYKOWSKI, 13 ILL.2d 481, 150 N.E.2d 196; BLACKS LAW DICTIONARY 1114.**

A GUILTY PLEA IS A GRAVE AND SOLEMN ACT TO BE ACCEPTED **[ONLY]** WITH CARE AND DISCERNMENT HAS LONG BEEN RECOGNIZED AS VERY IMPORTANT BY THE COURTS. CENTRAL TO THE PLEA AND THE FOUNDATION FOR ENTERING JUDGEMENT AGAINST THE DEFENDANT IS THE DEFENDANT'S ADMISSION IN OPEN COURT THAT HE COMMITTED THE ACT CHARGED IN THE INDICTMENT. HE THUS STANDS AS A WITNESS AGAINST HIMSELF AND HE IS SHEILDED BY THE 5TH AMENDMENT FROM BEING COMPELLED TO DO SO –HENCE THE **MINIMUM** REQUIREMENT THAT HIS PLEA BE THE VOLUNTARY EXPRESSION OF HIS OWN CHOICE. [SEE **MACHIBRODA v.U.S. 82 S.CT. 510**]

**BUT** THE PLEA IS MORE THAN AN ADMISSION OF PAST CONDUCT; IT IS THE DEFENDANT'S CONSENT THAT JUDGEMENT OF CONVICTION MAY BE ENTERED WITHOUT A TRIAL- A WAIVER OF HIS RIGHTS TO TRIAL BEFORE A JURY OR A JUDGE. WAIVERS OF CONSTITUTIONAL RIGHTS NOT ONLY **MUST BE VOLUNTARY BUT MUST BE KNOWING, INTELLIGENT** ACTS WITH SUFFICIENT AWARENESS OF THE RELEVANT CIRCUMSTANCES AND LIKELY CONSEQUENCES. **BROOKHART v. JANIS 86 S.CT. 1245.** IT IS IMPORTANT TO ASSURE THAT THE DEFENDANT DOES NOT PLEAD GUILTY EXCEPT WITH THE **FULL** UNDERSTANDING OF THE CHARGES AGAINST HIM AND THE POSSIBILITY CONSEQUENCES OF HIS PLEA ALONG WITH KNOWING HIS RIGHTS. **McCARTHY v. U.S. SUPRA & BOYKIN v. ALABAMA 89 S.CT. 1709.** IN CASE AT HAND COUNSEL CONDEMS HERSELF WHEN SHE ADMITTES HER LACK OF INVOLVEMENT IN THE T-I-S FORM- THUS DENYING PETITIONER HIS CONSTITUTIONAL RIGHTS. UNDER **STRICKLAND** COUSEL HAS PROVEN SHE WAS INEFFECTIVE BY LETTING AN INDIVIDUAL WITH A 4TH GRADE EQUVALENT, PER DELAWARE TESTING, FILL OUT HIS TIS FORM **BY HIM SELF.**,WHICH ALSO UNDER **STRICKLAND** MAKES THE SENTENCING ILLEGAL

THE VOLUNTARISM OF THE PLEA AND THE KNOWLEDGE THAT THE PETITIONER WAS GIVING UP CONSTITUTIONAL RIGHTS ARE PROTECTED BY THE TIS FORM SHOWING THAT AN INDIVIDUAL **WAS** EXPLAINED HIS RIGHTS AND THAT THOSE RIGHTS WERE PROTECTED VIA HIS COUNSEL. IN CASE AT HAND THE T-I-S FORM WAS NOT SIGNED OR EXISTED UNTIL AFTER PETITIONER HAD SIGNED THE PLEA FORM DAYS LATER, AND ONLY AS A FORMALITY TO STOP AN ACTION FROM THE JUDGE FOR FAILURE TO PROTECT A GIVEN RIGHT. THE DEFENSE ATTORNEY AT THIS POINT WAS ONLY A **TOKEN REPRESENTATIVE** PROTECTING HER OWN HIDE. IN **BRADY v. U.S.** THE COURT SAID THEIR VIEW WAS THAT TO SATISFY THEMSELVES THAT A PLEA OF GUILT WAS VOLUNTARY AND INTELLIGENTLLY MADE BY A COMPETENT DEFENDANT WITH [**ADEQUATE**] ADVICE OF COUNSEL THAT THERE IS **NO** QUESTION AS TO THE ACCURACY AND RELIABILITY OF THE DEFENDANT'S ADMISSION THAT THEY COMMITTED THE CRIMES WITH WHICH THEY WERE

CHARGED AND THAT THEY WERE GIVEN AND KNEW THEIR RIGHTS **PRIOR** TO THAT PLEA SIGNING AND ADMISSION.

IN **WHALEN v. STATE 755 A2d 391** TEN DELAWARE COURT IN 2000 SAID "WHERE THR SIGNED T-I-S PLEA FORM, THE SIGNED PLEA AGREEMENT & THE TRANSCRIPT OF THE PLEA COLLOQUY REFLECT THAT THE DEFENDANT HAD DISCUSSIONS WITH ATTORNEYS FULLY UNDERSTOOD, AND KNOWINGLY AGREED TO EACH AND EVERY ELEMENT OF THE PLEA AGREEMENT, THE JUDGEMENT WAS AFFIRMED & REMANDED FOR THE LIMITED PURPOSE OF CLARIFICATION. IN CASE AT HAND AGAIN THERE IS A DISCREPITANCY IN THE T-I-S AND THE PLEA AGREEMENT .PROOF SHOWS THAT PETITIONER **NEVER** WAS TOLD HIS CONSTITUTIONAL RIGHTS PRIOR TO SIGNING THE PLEA AGREEMENT THUS VOIDING THE VOLUNTARISM AND DENYING PETITIONER EFFECTIVE COUNSEL WHOS **DUTY OF LOYALTY**,PERHAPS THE MOST IMPORTANT BASIC DUTIES OF COUNSEL WERE VIOLATED AND DENIED HIM.

YES, THE COLLOQUY SHOWS THAT PETITIONER DID TELL THE JUDGE THAT HIS ATTORNEY DID A GOOD JOB AND HE WAS SATISFIED, BUT, HE ALSO SAID THAT SHE FILLED OUT THE T-I-S FORM BY HERSELF ( SEE SENTENCING TRANSCRIPTS PAGE 5 LINE 2 & 3) WHICH WAS COMPLETE OPOSITE OF WHAT HIS ATTORNEY SAID, BUT THIS TIME INFRONT OF THE JUDGE WITHOUT AN OBJECTION ON HER PART .SO WHAT DID SHE DO? DID SHE LET HIM FILL OUT THE FORM BY HIMSELF OR DID SHE FILL OUT THE FORM? WE MAY NEVER KNOW THE TRUTH, HOWEVER, ONE TRUTH DOES EXIST **THE T-I-S FORM WAS [NOT]** SIGNED PRIOR TO THE SIGNING OF THE PLEA AGREEMENT THUS UNDER THE SUPREME COURT RULING IN **BRADY** MAKES THIS SENTENCE ILLEGAL AND HIS COUNSEL INEFFECTIVE.

# CERTIFICATE OF SERVICE

I Clarence H Edwards HERBY CERTITY THAT I HAVE SERVED TWO COPIES OF THE ATTACHED HABEAS CORPUS DOCUMENT TO BE PLACED IN THE U.S. MAIL FIRST CLASS POSTAGE ADDRESSED TO THE FOLLOWING:

JOHN WILLIAMS
DEPUTY ATTORNEY GENERAL
DEPARTMENT OF JUSTICE
102 WEST WATER STREET
DOVER, DE. 19904-6750
(302) 739-4211 (ext.263)
I.D. # 365

2/25/2008

Clarence H Edwards
#00158551 T BUILDING
1181 PADDOCK ROAD
SMYRNA, DELAWARE
19977

Sentencing Form also has on it yes/no blocks to be checked off by you or by your attorney. Did you check these blocks off yourself?

THE DEFENDANT: No, sir.

THE COURT: Did your attorney do it for you?

THE DEFENDANT: Yes.



**IN THE SUPREME COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CLARENCE H. EDWARDS | § | No. 445, 2007 |
| | § | |
| v. | § | Superior Court |
| | § | |
| STATE OF DELAWARE | § | Kent County |
| | § | |
| | § | Cr. ID No. 0504022745 |

The following docket entry has been efiled in the above cause.

January 3, 2008. Record (conventionally returned) and mandate to Clerk of Court Below. **Case closed.**

cc: The Honorable William L. Witham, Jr.
Mr. Clarence H. Edwards
John R. Williams, Esquire

Prothonotary
Received Above

By ____________________

Date ____________________

Date: January 3, 2008

/s/ Audrey F. Bacino
Assistant Clerk of Supreme Court

# *MANDATE*

THE SUPREME COURT OF THE STATE OF DELAWARE

TO: Superior Court of the State of Delaware in and for Kent County:

***GREETINGS:***

**WHEREAS**, in the case of:

***State of Delaware v. Clarence H. Edwards***

Cr. ID No. 0504022745

a certain judgment or order was entered on the 17th day of August 2007, to which reference is hereby made; and **WHEREAS**, by appropriate proceedings the judgment or order was duly appealed to this Court, and after consideration has been finally determined, as appears from the Order dated December 17, 2007, a certified copy of which is attached hereto;

**ON CONSIDERATION WHEREOF IT IS ORDERED AND ADJUDGED** that the order or judgment be and is hereby affirmed.

/S/ Audrey F. Bacino
Assistant Clerk of the Supreme Court

Issued: January 3, 2008

**Supreme Court No. 445, 2007**

**STATE OF DELAWARE** } **ss.**
**KENT COUNTY** }

I, Audrey F. Bacino, Assistant Clerk of the Supreme Court of the State of Delaware, do hereby certify that the foregoing is a true and correct copy of the Order dated December 17, 2007, in ***Clarence H. Edwards v. State of Delaware,*** No. 445, 2007, as it remains on file and of record in said Court.

**IN TESTIMONY WHEREOF,**

I have hereunto set my hand and affixed the seal of said Court at Dover this 3rd day of January 2008.

/s/ Audrey F. Bacino
Assistant Clerk of Supreme Court

**IN THE SUPREME COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| CLARENCE H. EDWARDS,<br>DEFENDANT-BELOW,<br>APPELLANT,<br>v.<br>STATE OF DELAWARE,<br>PLAINTIFF-BELOW,<br>APPELLEE. | APPEAL NO. 445, 2007 |

---

**ON APPEAL FROM THE ORDER OF THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR KENT COUNTY**

---

THIS IS APPELLANT'S OPENING BRIEF

RESPECTFULLY SUBMITTED,

Clarence H. Edwards

CLARENCE H. EDWARDS
#00158551 T BUILDING
1181 PADDOCK ROAD
SMYRNA DELAWARE 19977

Oct 19th 2007

## TABLE OF CONTENTS


| DESCRIPTION | PAGE NO. |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF CITATIONS /AUTHORITIES | ii |
| NATURE AND STAGES OF PROCEEDINGS | iii |
| SUMMARY OF ARGUMENTS | iv |
| STATEMENT OF FACTS | v |

**ARGUMENTS (PAGES 1 - 2 - 3)**

I. A PLEA OFFER WAS EXTENDED TO EDWARDS ON 7/26/05. EDWARDS NEEDED MORE TIME TO THINK ABOUT THE PLEA AND THE THREATS OF LIFE INPRISONMENT IF HE DID NOT TAKE THE PLEA. NEW DATE WAS 8/23/05 IN WHICH EDWARDS ENTERED PLEA OF GUILT PER ADVICE OF HIS ATTORNEY. (COERCED VIA THREAT OF LIFE IN PRISON)

II. EDWARDS DID FILL OUT TIS REPORT BUT NOTHING, INCLUDING HIS RIGHTS, WAS EXPLAINED TO HIM AND HAS ALREADY BEEN VERIFIED VIA HIS ATTORNEY IN HER STATEMENT WHEN SHE SAID HE FILLED OUT THE FORM BY HIS SELF WITHOUT HER HELP. (DENIAL OF HIS RIGHTS TO KNOW HIS RIGHTS)

III. EDWARDS' ATTORNEY HAS SAID SHE DID **NOT** HELP HIM OR GUIDE HIM IN FILLING OUT BOTH THE PLEA AND THE TIS FORMS BELEIVING HIS WAS OF LEGAL KNOWLEDGE TO INFORM HIMSELF OF HIS RIGHTS AND FILL OUT AND UNDERSTAND HIS RIGHTS WITHOUT HER HELP.(AGAIN SEE ATTORNEY'S STATEMENT)

| | |
|---|---|
| CONCLUSION | 4 |
| ORDER BEING APPEALED | EX. AA |

## TABLE OF CITATIONS/AUTHORITIES


| CASES: | | PAGES |
|---|---|---|
| BRADY v. U.S. | 90 S.CT. 1463 | 1 |
| CLEMMONS v. DELO | 124 F3d 944 | 2 |
| CRONIC | 466 U.S. 648 | 4 |
| PATTERSON v. STATE | 684 A2d 1234 | 1 |
| STATE v. CURTIS | A2d | 3 |
| STATE v. KNOX | 826 A2d 298(DEL.2003) | 1 |
| STRICKLAND | | 3 |
| STRICKLAND v. WASHINGTON | 466 U.S. 692 | 4 |
| U.S. v. LOPEZ-HERNANDEZ | 120 F.SUPP. 82 | 2 |
| U.S. v. MATEO | 950 F2d 44 | 4 |
| U.S. v. SMALL | 134 FED.APPX.614 | 2 |
| WHALEN v. STATE | 755 A2d (DEL. 2000) | 3 |
| WHITTINGTON | 290 A2d 659 | 2 |
| **RULES:** | | |
| SUPERIOR COURT RULE 11(d) | | 3 |
| SUPERIOR COURT RULE 11 (h) | | 1 |
| SUPERIOR COURT RULE 32(d) | | 1 |
| RULE 61 | | 4 |
| POST CONVIVTION | | 4 |
| **MISCELLANIOUS:** | | |
| TIS | | iv |
| 6TH AMENDMENT | | 2 |

## NATURE AND STAGE OF PROCEEDINGS

| | |
|---|---|
| APPELLANT WAS ARRESTED ON | 4/28/2005 |
| APPELLANT WAS INDICTED ON | 7/05/2005 |
| APPELANT SIGNED PLEA AGREEMENT ON | 7/26/2005 |
| APPELLANT SIGNED & FILLED OUT BY HIMSELF TIS FORM | 8/23/2005 |
| APPELANT FILED RULE 61 POST CONVICTION | 2006 |
| APPELLANT DENIED RULE 61 MOTION | 8/17/2006 |

**APPELLANT TOOK A TIMELY DIRECT APPEAL AND THIS IS HIS OPENING BRIEF.**

## SUMMARY OF ARGUMENTS

I. Ground 1: Plaintiff alleges 'coerced confession and guilty plea' .Plaintiff on a 7/26/2005 was offered a plea agreement and decided not to take it at that time, **however,** plaintiff's attorney had him fill out the TIS form by himself without any assistance from his attorney or explanations as backed up via attorney's own statements that she had nothing to do with those forms and plaintiff filled them out himself. On 8/23/2005 plaintiff entered a plea without being informed of the rights he was signing away and without a TIS form that was done prior to his signing of this plea; again the plaintiff's attorney said in her own words she had nothing to do with filling out this form that plaintiff did this completely by himself –again with out being told his rights. On both forms the attorney in question did sign them which acknowledge she did not under color of the law explain the plaintiff's rights in reference to judicial law. By doing so the plaintiff was coerced into a plea that he did not know what the consequences would be for that plea.

II. Ground 2: Not being able to face accuser in a right guaranteed by the Constitution of the United States. If plaintiff was never told of those rights as already agreed upon by the attorney in question via her statements then by not explaining those rights plaintiff was denied his right to face his accuser.

III. Ground 3: Ineffective assistance of counsel is a given right that has been addressed by the Supreme Court when it said that 'every individual has a right to effective counsel at all critical stages of a trial and that the plea agreement is a critical stage'. By plaintiff's attorney admitting she had nothing to do with filling out the plea and TIS forms she in fact is saying she did **not** explain to the plaintiff his rights and thus lost his loyalty to supply him with effective counsel at a critical stage.

**STATEMENT OF FACTS**

DEFENDANT WAS ARRESSED ON 4/28/2005 AND WAS APPOINTED KATHLEEN AMALFITANO,ESQUIRE AS HIS ATTORNEY. THE ATTORNEY DID SUB PAR INVESTIGATION AND WITH HER OWN WORDS FAILED TO INFORM EDWARDS OF HIS CONSTITUTIONAL RIGHTS PRIOR TO **HIS** FILLING OUT OF THE PLEA AND THE TIS FORMS COMPLETELY BY HIMSELF. ATTORNEY AMALFOTANO ONLY TOLD DEFENDANT ,WHO HAS ONLY A 4TH GRADE EQUVALENT EDUCATION, NOT TO SAY ANYTHING ONLY TO SAY YES AND TELL JUDGE HOW HE WAS PLEASED WITH HER OR HE WOULD BE IN PRISON THE REST OF HIS LIFE. DEFENDANT NOW REALIZES HOW HER LACK OF EXPLAINATION OF HIS RIGHTS DENIED DEFENDANT OF HIS CONSTITUTIONAL RIGHTS TO A FAIR TRIAL ALONG WITH THE GUARANTEE OF FACING HIS ACCUSERS. DEFENDANTS ATTORNEY EXPLAINS THAT HE FILLED OUT THE FORMS HIMSELF AND BY DOING SO ESTABLISHED THAT HE KNEW WHAT HE WAS SIGNING AWAY; **HOWEVER,** THIS COURT HAS GRANTED THE DEFENDANT AN EXTENTION BASED ON THE FACT OF HIS LEGAL ILLITERACY .THE SAME ILLITERACY THAT EXISTED WHEN HE FILLED OUT THOSE FORMS BY HIMSELF PER ATTORNEY AMALFITANO'S OWN STATEMENT.DEFENDANT'S ATTORNEY BELIEVED HE WAS GUILTY FROM THE BEGINNING AND DENIED HIM HIS DUE PROCESS RIGHTS AND HER LOYALTY.

**DEFENDANT NOW OFFERS THE FOLLOWING AS HIS APPEAL.**

## ARGUMENTS

**I.** Ground one on coercion of confession and guilty plea rest on the fact that the plaintiff was not given his due rights of knowing the nature of the charges and the consequences of those pleas. The plaintiffs' attorney in her own words defended herself from these accusations by saying she had nothing to do with the filling out of the forms and plaintiff completed and did all by himself. The U.S Supreme Court has ruled in BRADY v. U.S. 397 U.S.742, 90 S.CT. 1463 that 'although a defendant must be aware of the direct consequences of a plea, the scope of direct consequences is very narrow…A defendant need only be made aware of the direct consequences of his plea for it to be valid. The failure to inform a defendant as to **[all]** possible indirect and direct collateral consequences does not render a plea unintelligent or involuntary in a constitutional sense. **However** the counsel is obligated to appraise the defendant of the direct consequences of his conviction'. Counsel was and is saying that plaintiff is qualified in legal matters to do his own legal paper work when she let him fill out the plea and the TIS forms. However the D.O.C. has tested the plaintiff and found that he has only a 4th grade equivalent of an education. When signing a TIS form the signed plea agreement and the transcripts of the plea colloququy reflected that the plaintiff had not discussed with his attorney and fully understood and knowingly agreed to each and every element of the plea agreement, the judgment was affirmed and plaintiff has come to this court to justify those dicripitancies as verified by the dates on the forms and the testimonial statement of the attorney.

**Excerpts of law:** **STATE v. KNOX** 826 A2d 298(DEL. 2003) 'when presenting a plea of guilt and he states that he is satisfied with the defense counsel's performance; he is bound by his statement **[unless]** he presents clear and convincing evidence to the contrary' ---attorney's own statement that she let a 4th grade educated individual fill out and submit his plea and TIS forms show a convincing argument for withdrawal.

**PATTERSON v. STATE** 684 A2d 1234 Defendant argued that unless a plaintiff knows his consequences of his plea and has had the his attorney explain the nature of the charges and the judge ask if his attorney explained the elements of the charges then it would be a violation of constitutional magnitude that would void the sentencing along with the plea, as case at hand.

**SUPERIOR COURT RULE 32 (d) provides** that the court may permit withdrawal of the plea upon a showing by the defendant of any fair or just reason. At anytime a motion under Rule 61 for plea may be set aside.

**SUPERIOR COURT RULE 11** (h) **OBVIATES** the need for a ridged formalistic approach to compliances to **all** rules for plea agreements.

**II.** Plaintiff's attorney argues that in his 2nd argument of denial of the right to confront his accuser that the plaintiff signed this right away when he signed the plea agreement. **However,** the judicial system has ruled that a defendant must know what his rights are before he can intelligently sign those rights away. The attorney for the plaintiff has already indicated in her statement that plaintiff was on his own when making a plea and filling out the TIS form and that she believed him to be of legal minded to be able to do this on his own. The court in this case, however has granted plaintiff an extension due to the fact that he is legal illiterate; someone is wrong is it the attorney or the court? In WHITTINGTON 290 A2d 659, a Delaware case it says 'that if a statute is not followed thus violating a defendants rights all proceedings after that fact are void' Plaintiff's rights were violated when the court appointed attorney representing him violated the loyalty needed when she failed to discuss with him and explain all the procedures and consequences that would apply to the plaintiff upon his plea. When she failed to address and tell plaintiff he had a right to face his accuser and to go to trial she violated that right .She was only interested in a plea agreement and never talked about a defense only to take a plea or face life imprison.

**Excerpts of law:** **U.S.v.LOPEZ-HENANDEZ** 120 F Supp. 82 says 'defendant **[must]** know rights to confront and cross-examine the witness **[before]** plea is made.

**U.S. v. SMALLS** 134 Fed. Appx. 614 says 'a defendant has a 6th Amendment right to face his accuser.

**CLEMMONS v. DELO** 124 F3d 944 says 'that the right to confront is personal and a fundamental right and **[cannot] be waived by counsel.**

**III.** STRICKLAND defines ineffective assistance of counsel and plaintiff believes he has shown that his attorney actions fell well below the standards that are needed to show her ineffectiveness. Plaintiff's attorney has signed both the plea agreement and the TIS agreement and verifies that the date used to indicate the signing as correct. By doing so the attorney has agreed that the TIS form was never signed before the plea agreement and verifies that plaintiff was not in full knowledge of his rights. Even though plaintiff told the judge he was satisfied with his attorney's work, he did not know at that time what his rights were so how can he make a intelligent decision. Plaintiff only has a 4th grade education level and should have been tested for his mental state and the judge should have asked him if the attorney explained in detail his rights and the consequences of the plea which was not done. The defense attorney only thought of her own valuable time and immediately went to a plea with the state and did nothing to explain to the plaintiff his options as far as a defense. With threats of life imprisonment if he did not co-operate and to do what was told of him plaintiff agreed to follow attorney's advice, even though it lacks loyalty and honor, and pleaded to a crime out of fear of life imprisonment without knowing his rights.

**Excerpts of law:** **SUPERIOR COURT RULE 11 (d)** insuring that the plea is voluntary with effective assistance of counsel

**STRICKLAND** 6TH Amendment right to effective assistance of counsel at all stages

**STATE v CURTIS** extraordinary circumstances to over turn plea is needed.

**WHALEN v. STATE** 755 A2d.(DEL. 2000) when defendant enters a plea agreement and states that he is satisfied with his attorney's performance he is bound by that decision **unless** he presents clear and convincing evidence to the contrary

**CONCLUTION :**

Right to effective assistance of counsel is impaired when defense counsel operates under conflict of interest because counsel breached the duty of loyalty, perhaps the most basic of counsel's duties. The 6th Amendment guarantees effective assistance of counsel at all stages of the trial including plea and TIS agreements. **STRICKLAND** 466 U.S. @ 692 also **U.S. v. MATEO** 950 F2d @44 says 'Counsel's failure to investigate and present substantial migrating evidence during the sentencing phase denied defendant his constitutional guaranteed rights to effective assistance of counsel.' Also see **CRONIC** 466 U.S. 648. In case at hand plaintiff is not saying there is migrating evidence , **however , he is saying there was no investigation into the innocence of his conviction only to take a plea.** Rule 61 says that with a constitutional violation and/or a withdrawal of a plea only a post conviction [61] can be the avenue so an individual cannot be procedurally barred from a 61 motion as indicated in the commissioner's report. Rule 61 does bar relief if plaintiff does not show ineffectiveness of his counsel, **again,** plaintiff believes he has addressed this issue. When his attorney stated that she had nothing to do with the plea or the TIS forms but signed them testifying she told defendant his rights, one of them is wrong! Did she lie to the court by signing the two forms or did she lie to the court when she made her statements. Either way it shows prejudice in the fact she did not address the loyalty and defense of the plaintiff and was already judging him as guilty by addressing only a plea and not informing plaintiff of his rights. With these substantial claims backed up by the defense attorney's statement plaintiff did show ineffectiveness and prejudice to him self by the court appoint attorney.

Plaintiff believes that not only has he shown prejudice but counsel herself has also shown in her statements.

**PLAINTIFF ASK THIS COURT TO OVERTURN THE DECISION OF THE LOWER COURT AND REMAND IT FOR A NEW TRIAL. PLAINTIFF ALSO ASKS THAT ALL LEGAL FEES BE REIMBURST TO HIM AND TAKEN OFF HIS ACCOUNT.**

**10/19/07**

Clarence H. Edwards

**1181 PADDOCK RD SMYRNA DE.**

# Certificate of Service

I, Clarence H. Edwards hereby certify that I have served a true and correct copy(ies) of the attached Appeal upon the following parties/persons:

| | |
|---|---|
| To: Attorney General Off<br>820 N.French St.<br>Wilmington De.19801 | To: |
| To: | To: |
| To: | To: |

BY PLACING IN A SEALED ENVELOPE, and depositing same in the United States Mail atthe Delaware Correction Center, Smyrna, DE 19977.

On this 19th day of Oct, 2007

Clarence H Edwards
1181 Paddock Rd Smyrna De.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

STATE OF DELAWARE )
v. ) No. ______________
) (to be supplied by Prothonotary)
CLARENCE H. EDWARDS )
Name of Movant on Indictment )
SAME )
Correct Full Name of Movant )

**MOTION FOR POSTCONVICTION RELIEF**

MOTION

1. County in which you were convicted KENT

2. Judge who imposed sentence WILLIAM L. WITHAM JR.

3. Date sentence was imposed August 23, 2005

4. Offense(s) for which you were sentenced and length of sentence (s):

1 Count 05050179 Sexual Solicitation of a child

5. Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion? Yes ( ) No (✓)
If your answer is "yes," give the following information:
Name and location of court(s) which imposed the other sentence(s):

N/A

Date sentence(s) imposed: ——

Length of sentence(s) ——

6. What was the basis for the judgment(s) of conviction? (Check one)
   Plea of guilty (✓)
   Plea of guilty without admission of guilt ("Robinson plea") ( )
   Plea of nolo contendere ( )
   Verdict of jury ( )
   Finding of judge (non-jury trial) ( )

7. Judge who accepted plea or presided at trial William L. WITHAM JR.

8. Did you take the witness stand and testify? (Check one)
No trial (✓) Yes ( ) No ( )

9. Did you appeal from the judgment of conviction? Yes ( ) No (✓)
If your answer is "yes," give the following information:

Case number of appeal ——

Date of court's final order or opinion ——

10. Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court?
Yes ( ) No (✓) How many? ( )
If your answer is "yes," give the following information as to each:

Nature of proceeding(s) ____________

Grounds raised ____________

Was there an evidentiary hearing? ____________

Case number of proceeding(s) ____________

Date(s) of court's final order(s) or opinion(s) ____________

Did you appeal the result(s)? ____________

11. Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:

At plea of guilty or trial KATHLEEN K. AMALFITANO

On appeal ____________

In any postconviction proceeding ____________

12. State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

Ground one: Coerced confession or guilty plea

Supporting facts (state the facts briefly without citing cases): WAS told if didn't sign plea would be sentenced more time on 2 MORE counts AND had No time to think About it.

Ground two: denial of right to confront witnesses

Supporting facts (state the facts briefly without citing cases): WAS NEVER told of my right to confront OR go to trial until AFTER sign plea Agreement dated 7/26/2005 [TRUTH-IN-sentencing signed AFTER 8/23/20

Ground three: iNeffective Assistance of counsel

Supporting facts (state the facts briefly without citing cases): by NoT guarding my due process rights And letting me know my rights before my plea Agreement didn't represent me Fully.

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so:

Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding. AND Hold AN evidentiary hearing.

Signature of attorney (if any)

I declare the truth of the above under penalty of perjury.

Date Signed

Signature of Movant
(Notarization not required)

forms/mtnpcr.wp
Revised 9/2002

## CERTIFICATE OF SERVICE

I, Clarence Henry Edwards ____________, hereby certify that I have served a true and correct copy of the attached motion upon the following party, on the ________ day of ________________, ________.

______________________________

Deputy Attorney General
Department of Justice
820 North French Street *(Or other address if filed in a different county)*
Wilmington, DE 19801

______________________
Date signed

Clarence Henry Edwards
Signature of Movant (Notarization not required)

# TRUTH-IN-SENTENCING GUILTY PLEA FORM

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR [illegible] COUNTY

**STATE OF DELAWARE** ) **ID:** [illegible]

**v.** )

[illegible] ) **CRA:** [illegible]

***The defendant must answer the following questions in his or her own handwriting.***

Date of Birth [illegible] Last grade in school completed [illegible]

Have you ever been a patient in a mental hospital? ☐ Yes ☒ No

Are you under the influence of alcohol or drugs at this time? ☐ Yes ☒ No

Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement? ☒ Yes ☐ No

Have you been promised anything that is not stated in your written plea agreement? ☐ Yes ☒ No

Has your attorney, the State, or anyone threatened or forced you to enter this plea? ☐ Yes ☒ No

Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional right:

(1) to be **presumed innocent** until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;
(2) to a **speedy and public trial**;
(3) to **trial by jury**;
(4) to **hear and question the witnesses** against you;
(5) to **present evidence** in your defense;
(6) to **testify** or not testify yourself; and,
(7) to **appeal** to a higher court? ☒ Yes ☐ No

| OFFENSE | STATUTORY PENALTY | | TIS GUIDELINE |
|---|---|---|---|
| | Incarceration | Amount of Fine (range if applicable) | |
| [illegible] | 0-15 Yrs | | 0-[illegible] Yrs |
| | | | |
| | | | |

**TOTAL CONSECUTIVE MAXIMUM PENALTY:** Incarceration: 15 [illegible] Fine: ____

*NON-CITIZENS: Conviction of a criminal offense may result in deportation, exclusion from the United States, or denial of naturalization.*

Do you understand that, if incarcerated, you will not be eligible for parole, and the amount of early release credits which you may earn will be limited to a maximum of ninety (90) days per year? ☒ Yes ☐ No

Is there a **minimum mandatory penalty?** ☐ Yes ☒ No

If so, what is it? ____

Is there a **mandatory revocation of driver's license or privileges** for this offense or as a result of your plea? ☐ Yes ☒ No

If so, what is the **length of revocation?** ____ years

Has anyone promised you what your sentence will be? ☐ Yes ☒ No

Were you on **probation or parole** at the time of this offense? (A guilty plea may constitute a violation.) ☐ Yes ☒ No

Do you understand that a guilty plea to a felony will cause you to **lose your right to vote, to be a juror, to hold public office,** and other **civil rights?** ☒ Yes ☐ No

Have you been advised that this is an offense which results in the loss of the **right to own or possess a deadly weapon?** ☒ Yes ☐ No

Have you been advised that this is an offense which requires **registration as a sex offender?** ☒ Yes ☐ No

Are you satisfied with your lawyer's representation of you and that your lawyer has **fully advised you of your rights** and of your guilty plea? ☒ Yes ☐ No

**Have you read and understood all the information contained in this form?** ☒ **Yes** ☐ **No**

[signature]    [illegible]    [signature]

Defense Counsel    Date    Defendant

Print name: [illegible]    Print name: [illegible]



[illegible]

Superior Court of the State of Delaware, Kent County

# PLEA AGREEMENT

State of Delaware v. Clarence H. Edwards

**Case No(s):** 0504022795 Cr.A.#s: 05050179-0181

☐ Title 11HAB. OFFENDER ☐ BOOT CAMP ELIGIBLE ☐ INELIGIBLE
☐ RULE 11(e)(1)(C) — If out of guideline, reason is as follows:
☐ Title 11, §4336, sex offender notification required ☐ Title 11, §9019(e), forensic fine ☐ $100(F), ☐ $50(M)

**Defendant will plead guilty to:**

| Count | Cr.A.# | Charge [LIO if applicable] |
|---|---|---|
| 1 | 05050179 | Sexual Solicitation of a Child |

Upon the sentencing of the defendant, a **nolle prosequi** is entered on ☐ the following charges/☑ all remaining charges on this indictment:

| Count | Cr.A# | Charge |
|---|---|---|
| | | |

**Sentence Recommendation/Agreement:** ☑ PSI ☑ Immediate Sentencing

11 years at L-5 suspended after serving 7 1/2 years for 1 1/2 years at L-3 followed by 1 year L-2

**State and Defendant agree to the following:**

☐ Restitution:
☑ No contact w/ any child under 18.
☑ Other Conditions:
The defendant agrees to submit to a Mental Health evaluation and follow any treatment recommendations.

DAG: Robert J. O'Neill Jr.
PRINT NAME
[signature]
SIGNATURE

DEF. COUNSEL: Kathleen Amalfitano
PRINT NAME
[signature]
SIGNATURE

DEFENDANT: [signature]

Date: July 26, 2005

XC: Attorney for Defendant, Defendant
Attorney General, Attorney General Worksheet

Page of

Memorandum per instructions
for Clarence H. Edwards

USA v Smalls 134 Fed. Appx 614 (4thCir 2005) says defendant has 6th Amendment right to face his/her accuser. And in Clemmons v Delo 124 F3d 944 (1997) it says that the right to confront is personal and a fundamental right and [Cannot] be waived by counsel. And as resent as 2005 the court in USA v Lopez-Hernandez 120 F. Appx 82 says defendant [must] know rights to confront and cross-examenation of witness [before] plea is made. Seeing all these violations occured in this case as above we read in USA v Jacobs 312 F.S. 2d 619 (D Del 2004) under criminal law 519(1) where the court said involuntary confession may result from psychological as well as physical coercion. And Jackson v Denno 378 US 368, 84 S.Ct 1774 says an involuntary statement violates due process. And in 2005 the Court decided in State v Aquino 873 A2d 1075 that pleas not voluntary and intelligent because of the ineffectiveness of counsel are a violation of Due process.

Seeing that my Constitutional rights were violated from indictment waiver which I did not sign or remember signing

and exhibits proving violations of 6th Am. We believe this case should be overturned and sanctions taken against responsible parties and restitution for false imprisonment be awarded to defendant. And if state answers defendant filled out papers. Defendant bring to Judge that he asked who filled out paper work and public defender said she did and all defendant did was sign where she instructed him.

In Superior Court of the State of Delaware
in and for Kent County

State of Delaware
v
Clarence H. Edwards
defendant

1K05-05-0179-R1

Motion to respond to Commissioner's Report

Clarence H. Edwards being an individual with an itelligence at a fouth grade level, resently tested at Delaware Correctional Center, put all his trust in his attorney. He did not sign his indictment waiver and his own attorney proclaimed she had nothing to do with the plea agreement when she said in point (2) that he completed the truth-in-sentencing form himself. In Patterson v State 684 A2d 1234, even though plea was withdrawn before sentencing, we see where the court said that counsels duty is to [explain] the elements and if not that it is insufficient and shows ineffectiveness. How can the public defender admit that a person with (4th) grade capability can finish filling out a T15 form and understand his rights not explained to him? As far as his plea infront of judge, his attorney told him to just say yes to everything or he

would be in prison the rest of his life. What would a 4th grader do? Clarence didn't question he followed orders and now is told he understood what HE was suppose to tell himself.

Delaware statues and USCA laws and rulings say a person [must] have his rights read to him and explained to him [before] he makes a plea and if these statues are not followed any proceedings violating these rights are void. (See Stabler v Whittington Del. Super. 290 A2d 659.)

The supporting facts sent to this court shows only one end to this delema. The plea was signed on 7/26/2005 and the TIR signed after 8/23/2005 a definite violation of those statues along with none compliance of explaining and protecting Clarence Edwards rights. I swear to have served a true copy on the Dept. of Justice state of Delaware on 3/30/2007 along with same copy to this court.

3/29/2007

Clarence Edwards

SBI # 158551
1181 Paddock Rd.
Smyrna Delaware
19977

**IN THE SUPREME COURT OF THE STATE OF DELAWARE**

Clarence Edwards )
)
Defendant Below, )
Appellant, )
v. ) No. 445, 2007
)
State of Delaware, )
)
Plaintiff Below, )
Appellee. )

MOTION UNDER RULE 15(b)

Clarence Edwards, acting pro se, moves the Court, pursuant to Rule 15(b), for an order extending the time for service and filing of the opening brief and appendix under Rule 15(b) from October 11, 2007 to November 9, 2007, on the grounds that the defendant is unskilled in the law and has limited time in the prison law library. The issues raise in his Postconviction require extensive research and he will need the help of the prison Law Library workers in his effort to perfect this appeal. This is the first request for an extension of time to file the Opening brief.

Opposing counsel's opinion is unknown to the extension of time.

Dated: 9-9-07

x Clarence Edwards

Clarence Edwards SBI 158551,
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**SO ORDERED THIS _________ day of ____________________, 20___.**

________________________________ Justice

# CERTIFICATE OF SERVICE

I, Clarence Edwards hereby certify that two copies of the following Extenxion of Time under Rule 15(b) were served by first class mail on this 9 day of September, 2007 upon the following person(s):

To: Robert J. O. Neill Jr
Attorny General for the State of Delaware
820 N. French Sreeet
Wilmington, Delaware
19801

To:

To:

Date: 9-9-07

Clarence Edwards

Clarence Edwards, 158551
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977