## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CLARENCE EDWARDS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 08-117-GMS |
| | ) | |
| **PERRY PHELPS**, Warden | ) | |
| and **JOSEPH R. BIDEN, III**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents. | ) | |

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents submit the following in response to the petition for a writ of habeas corpus.

On July 5, 2003, a Superior Court grand jury indicted Clarence Edwards of sexual solicitation of a child, first degree indecent exposure and harassment.[1]  *See* Docket Item Number 4 in Superior Court case number 0504022745 (hereinafter "Dkt. Item __"). Edwards pled guilty to one count of sexual solicitation of a child on August 23, 2005 and was immediately sentenced to ten years incarceration, suspended after seven and a half years for decreasing levels of probation.  *See* Dkt. Item 10.  Edwards did not appeal his sentence or conviction to the Delaware Supreme Court.

On September 30, 2005, Edwards filed a motion to reduce his sentence, *see* Dkt. Item 11; the Superior Court denied the motion on February 22, 2006.  *See* Dkt. Item 14. Edwards filed a motion for postconviction relief on February 21, 2006.  *See* Dkt. Item 13.

---

[1] In violation of 11 Del. C. §§ 1112A, 765 and 1311, respectively.

After briefing, a Superior Court commissioner filed a report recommending that Edwards' motion be denied. *See* Dkt. Item 28. After conducting a *de novo* review of Edwards' motion for postconviction relief, the Superior Court denied Edwards' application for the reasons stated in the Commissioner's report. *See* Dkt. Item 34. Edwards appealed and the Delaware Supreme Court affirmed the order denying Edwards relief on December 17, 2007. *See Edwards v. State*, 2007 Del. LEXIS 544 (Del. Supr.); Dkt Item 38.

Edwards has since filed a petition for a writ of habeas corpus. D.I. 2.[2] Liberally construing that petition, Edwards claims that he is entitled to federal relief because: 1) he received constitutionally ineffective assistance of counsel; and 2) his guilty plea was not voluntary.[3] Although timely[4] and exhausted,[5] Edwards is not entitled to federal habeas relief because he has not demonstrated that the Delaware courts' resolution of his particular claims

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[2] *See, e.g., Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002) (presumptive date of filing is the date petitioner gave petition to prison officials for mailing).

[3] Edwards included this particular claim in his "Memorandum submitted for petitioner's 28 U.S.C. § 2254 Writ of Habeas Corpus." D.I. 3.

[4] By respondents' calculations, only 217 days had passed since Edwards' conviction became "final" and his filing of the instant petition on February 25, 2008.

[5] In the appeal from the denial of his motion for postconviction relief, Edwards presented three claims to the Delaware Supreme Court:

> In this appeal, Edwards claims that a) his guilty plea was coerced because he was told that, unless he accepted the plea, he would receive more prison time; b) he was denied the opportunity to confront his accusers; and c) his attorney provided ineffective assistance by not informing him of his rights, as reflected in the affidavit she filed in the postconviction proceedings in the Superior Court

*Edwards v. State*, 2007 Del. LEXIS 544, at *2.

>    (2)    resulted in a decision that was based on an
> unreasonable determination of the facts in light of the evidence
> presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hameen v. State*

*of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 196-97

(3d Cir. 2000); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir. 1999)

(*en banc*) (determining the standard of review governing petitions for a writ of habeas

corpus under revised § 2254(d)).    Thus, under § 2254, a habeas petitioner is not entitled

to relief unless he can establish that the decision of the state court was contrary to, or

involved an objectively unreasonable application of, clearly established federal law, as

determined by the United States Supreme Court. *See Gattis v. Snyder*, 278 F.3d 222, 228

(3d Cir. 2002); *Matteo*, 171 F.3d at 885; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D.

Del. 1998).    Moreover, factual determinations by state trial and appellate courts are

presumed correct absent clear and convincing evidence to the contrary, and a decision

adjudicated on the merits in a state court and based on a factual determination will not be

overturned on factual grounds unless objectively unreasonable in light of the evidence

presented in the state-court proceeding.    *See* §§ 2254(d)(2), (e)(1).    *See also Williams*,

529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell*

*v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

    Most of Edwards' petition focuses on his perception that he received

constitutionally ineffective assistance of counsel.    This Court recently has addressed the

appropriate standard it uses to evaluate ineffective assistance claims in the habeas

context:

> The "clearly established federal law" which governs
> ineffective assistance of counsel claims is the two-pronged
> standard enunciated by Strickland v. Washington, 466 U.S.
> 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) and its
> progeny. To prevail on a claim of ineffective assistance of
> counsel, a petitioner must demonstrate both that: (1)
> counsel's performance fell below an objective standard of
> reasonableness measured under prevailing professional
> norms; and (2) counsel's deficient performance actually
> prejudiced the petitioner's case. In order to sustain an
> ineffective assistance of counsel claim, a petitioner must
> make concrete allegations of actual prejudice and
> substantiate them or risk summary dismissal. See
> *Wells v. Petsock*, 941 F.2d 253, 259-260; *Dooley v.*
> *Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although
> not insurmountable, the Strickland standard is highly
> demanding and leads to a "strong presumption that the
> representation was professionally reasonable."

*White v. Carroll*, 416 F. Supp. 2d 270, 278 (D. Del. 2006) *(quoting Strickland*, 446 U.S.

at 689-90; *citing Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527, 156 L. Ed. 2d 471

(2003); *Wells v. Petsock*, 941 F.2d 253, 259-260; *Dooley v. Petsock*, 816 F.2d 885, 891-

92 (3d Cir. 1987)). In her report, the Superior Court Commissioner identified *Strickland*

*v. Washington* as the standard governing Edwards' ineffective assistance of counsel

claim. *See* Dkt. Item 28 at 4-5 ("To prevail on his claims of ineffective assistance of

counsel, Edwards must meet the two prong test of *Strickland v. Washington*. . . ."). The

Commissioner's report then described how Edwards' claim failed to satisfy *Strickland*:

> Following a complete review of the record in this matter, it
> is abundantly clear that Edwards has failed to allege any
> facts sufficient to substantiate his claim that his attorney
> was ineffective. I find counsel's affidavit, in conjunction
> with the record, more credible than Edwards' vague
> contention that his counsel's representation was ineffective.
> Edwards was facing trial on serious charges and risked
> being sentenced to a substantial period of time in prison.
> Edwards' counsel was able to negotiate a plea bargain with
> the State which resulted in only seven and a half years of
> incarceration. Edwards and his attorney discussed the case

prior to the entry of the plea. The case against Edwards was strong. The plea bargain was clearly advantageous to Edwards. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Edwards entered his guilty plea, he stated he was satisfied wit defense counsel's performance. . . .

\*\*\*

Even assuming, *arguendo*, that counsel's representation of Edwards' was somewhat deficient, Edwards must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal. In an attempt to show prejudice, Edwards simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice.

Dkt. Item 28 at 5-6. The Superior Court adopted the Commissioner's report; and the Delaware Supreme Court observed that "Edwards also has not demonstrated a reasonable probability that, but for his attorney's alleged errors, he would not have pleaded guilty and would have elected to proceed to trial, as it is his burden to do." *Edwards*, 2007 Del. LEXIS 544, at \*3-4. Because Edwards failed to articulate the unreasonableness of counsel's conduct and also failed to prove actual prejudice, he had not demonstrated that he received constitutionally ineffective assistance of counsel. Accordingly, the state court resolution of this claim was not an unreasonable or contrary application of clearly established federal law. As such, Edwards is not entitled to federal habeas relief and this claim should be denied.

Regarding Edwards' claim that his plea was coerced or involuntary, the Delaware Supreme Court observed that

[t]he transcript of the guilty plea colloquy reflects that Edwards told the judge he understood that, by entering the plea, he was giving up his right to a trial, that no one had

> forced or threatened him to enter the plea, that he was
> guilty of the charge to which he was pleading guilty, that he
> had been afforded sufficient time to consult with his
> attorney, and that he was satisfied with his attorney's
> representation.   In the absence of clear and convincing
> evidence to the contrary, Edwards is bound by the
> statements he made during his plea colloquy. Moreover, the
> United States Supreme Court has determined that a
> defendant's decision to plead guilty as a means to avoid
> additional prison time does not amount to "coercion."

*Edwards*, 2007 Del. LEXIS 544, at *2-3. Edwards has continued to insist that his plea

was somehow coerced or involuntary; yet he offers nothing beyond mere allegations.

Those allegations, however, are insufficient to carry his burden of proving that the

Delaware courts' resolution of his claim "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. § 2254(d)(2). *See Williams*, 529 U.S. at 402-13. The

evidence presented clearly indicates that Edwards' guilty plea was a valid waiver of his

constitutional rights, a fact readily apparent in the Delaware Supreme Court's order

denying Edwards postconviction relief. *See Edwards*, 2007 Del. LEXIS 544, at *2-3.

Accordingly, this claim should be denied.

<u>Conclusion</u>

Based upon the Superior Court docket sheet, it appears that transcripts of Edwards' plea colloquy and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for writ of habeas corpus should be denied.

/s/Kevin M. Carroll
Kevin M. Carroll
Deputy Attorney General
Department of Justice
(302) 577-8500
Del. Bar. ID No. 4836
Kevin.Carroll@state.de.us

Dated:  June 27, 2008

LEXSEE 2007 DEL. LEXIS 544

**CLARENCE H. EDWARDS, Defendant Below-Appellant, v. STATE OF
DELAWARE, Plaintiff Below-Appellee.**

**No. 445, 2007**

**SUPREME COURT OF DELAWARE**

**2007 Del. LEXIS 544**

**November 1, 2007, Submitted
December 17, 2007, Decided**

**NOTICE:**

THIS OPINION HAS NOT BEEN RELEASED
FOR PUBLICATION IN THE PERMANENT LAW
REPORTS. UNTIL RELEASED, IT IS SUBJECT TO
REVISION OR WITHDRAWAL.

**PRIOR HISTORY:** [*1]
Court Below--Superior Court of the State of Delaware
in and for Kent County. Cr. ID No. 0504022745.

**JUDGES:** Before STEELE, Chief Justice, HOLLAND
and RIDGELY, Justices.

**OPINION BY:** Myron T. Steele

**OPINION**

**ORDER**

This 17th day of December 2007, upon considera-
tion of the appellant's opening brief and the appellee's
motion to affirm pursuant to Supreme Court Rule 25(a),
it appears to the Court that:

(1) The defendant-appellant, Clarence H. Edwards,
filed an appeal from the Superior Court's August 17,
2007 order denying his motion for postconviction relief
pursuant to Superior Court Criminal Rule 61. [1] The plain-
tiff-appellee, the State of Delaware, has moved to affirm
the judgment of the Superior Court on the ground that it
is manifest on the face of the opening brief that the ap-
peal is without merit. [2] We agree and AFFIRM.

> 1  The Superior Court referred the matter to the
> Superior Court commissioner and subsequently
> adopted the commissioner's report and recom-
> mendation. Del. Code Ann. tit. 10, § 512(b); Su-
> per. Ct. Crim. R. 62.
> 2  Supr. Ct. R. 25(a).

(2) In August 2005, Edwards pleaded guilty to Sex-
ual Solicitation of a Child. In exchange for Edwards'
guilty plea, the State dismissed the additional charges of
Indecent Exposure [*2] in the First Degree and Harass-
ment. Edwards was sentenced to 10 years of Level V
incarceration, to be suspended after 7 1/2 years for 2 1/2
years of decreasing levels of supervision. Edwards did
not file a direct appeal from his conviction and sentence.

(3) In this appeal, Edwards claims that a) his guilty
plea was coerced because he was told that, unless he
accepted the plea, he would receive more prison time; b)
he was denied the opportunity to confront his accusers;
and c) his attorney provided ineffective assistance by not
informing him of his rights, as reflected in the affidavit
she filed in the postconviction proceedings in the Supe-
rior Court.

(4) Edwards' first claim is that his guilty plea was
coerced. The transcript of the guilty plea colloquy re-
flects that Edwards told the judge he understood that, by
entering the plea, he was giving up his right to a trial,
that no one had forced or threatened him to enter the
plea, that he was guilty of the charge to which he was
pleading guilty, that he had been afforded sufficient time
to consult with his attorney, and that he was satisfied
with his attorney's representation. In the absence of clear
and convincing evidence to the contrary, [*3] Edwards
is bound by the statements he made during his plea col-
loquy. [3] Moreover, the United States Supreme Court has
determined that a defendant's decision to plead guilty as
a means to avoid additional prison time does not amount
to "coercion." [4] We, therefore, conclude that Edwards'
first claim is without merit.

> 3  *Somerville v. State,* 703 A.2d 629, 632 (Del.
> 1997).
> 4  *Brady v. United States,* 397 U.S. 742, 751-52,
> 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970).

(5) Edwards' second claim is that he was denied the opportunity to confront his accusers. Edwards' voluntary guilty plea constitutes a waiver of his right to confront his accusers. [5] We, therefore, conclude that Edwards' second claim is without merit.

> 5  *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2003).

(6) Edwards' third claim is that his attorney provided ineffective assistance by not informing him of his rights, as reflected in her affidavit filed in the Superior Court. Edwards' claim is not supported by the facts of record. The affidavit of Edwards' attorney states only that Edwards completed the TIS sentencing form in his own hand and that he was aware he was forfeiting his trial rights, including his right to confront his accusers.

(7) Edwards also has not demonstrated  [*4] a reasonable probability that, but for his attorney's alleged errors, he would not have pleaded guilty and would have elected to proceed to trial, as it is his burden to do. [6] His guilty plea provided him with a clear benefit. It was reasonable for him to plead guilty to one charge rather than risk being tried on three charges of sexual improprieties involving children. We, therefore, conclude that Edwards' third claim is without merit.

> 6  *Albury v. State,* 551 A.2d 53, 58 (Del. 1988).

(8) It is manifest on the face of Edwards' opening brief that his appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Myron T. Steele

Chief Justice

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2008, I electronically filed the attached

documents with the Clerk of Court using CM/ECF. I also hereby certify that on June 27,

2008, I have mailed by United States Postal Service, the same documents to the following

non-registered participant:

             Clarence Edwards
             SBI# 158551
             Delaware Correctional Center
             1181 Paddock Road
             Smyrna, DE 19977

                              /s/Kevin M. Carroll
                              Deputy Attorney General
                              Department of Justice
                              820 N. French Street
                              Wilmington, DE 19801
                              (302) 577-8500
                              Del. Bar. ID No. 4836
                              Kevin.Carroll@state.de.us

Date:  June 27, 2008