# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF Delaware

**CLARENCE EDWARDS,**
    PETITIONER,

Vs.

**PERRY PHELPS,** WARDEN

AND **JOSEPH R. BIDEN, III**, ATTORNEY GENERAL FOR THE STATE OF DELAWARE,
    RESPONDENT.

CIV.NO.08-117-GMS



FILED
JUL 14 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## RESPONSE TO STATE'S ANSWER

I, JAMES ST.LOUIS, BEING A JAILHOUSE LAWYER AND AFTER EXPLAINING TO PLAINTIFF, EDWARDS, IN LANGUAGE HE CAN UNDERSTAND, BECAUSE OF HIS 4TH GRADE EQUIVILANCE, REPLY TO THE STATES ANSWER WITH THE FOLLOWING FACTS AND RESPONSES:

**FIRST:** CLARENCE WAS INDICTED ON 7/05/**2005** NOT **2003** AS SEEN ON THE SUPERIOR COURT DOCKET SUPPLIED TO THIS COURT AND THE DEPARTMENT OF JUSTICE.

**SECOND:** ALSO SUPPLIED TO THIS COURT AND THE DEPARTMENT OF JUSTICE IS THE PLEA AND SENTENCING TRANSCRIPTS DATED AUGUST 23, 2005 ADDRESSED AS ONE OF THE REASONS TO DENY PETITION ADDRESSED TO COURT BY THE STATE THAT IT'S NOT AVAILABLE FOR **90 DAYS.**

THIRD: T-I-S- PLEA AGREEMENT WAS SIGNED **AFTER** THE PLEA AGREEMENT.

## ARGUEMENT

BEFORE THIS COURT IS A PETITION UNDER 28 USC § 2254 FOR A WRIT OF HABEAS CORPUS BY CLARENCE EDWARDS; ALONG WITH A MEMORANDUM ALREADY SUBMITTED FOR PETITIONER'S 28 USC § 2254 WRIT OF HABEAS CORPUS. INCLUDED IN THESE DOCUMENTS PETITIONER HAS SHOWN WHERE DEFENSE ATTORNEY HAS MADE STATEMENTS OR IN ONE CASE SILENCE TO ALLEGATIONS OF INEFFECTIVENESS DUE TO HER LOYALTY TO PETITIONER TO PROTECT HIS EQUAL PROTECTION RIGHTS. THE STATE ARGUES THAT THIS COUNSEL SHOULD NOT ACCEPT THIS PETITION AND PETITIONER HAS NO RIGHT TO ASK THIS COURT TO DO SO. **HOWEVER,** IN <u>BROWN vs. ALLEN</u> 73 S.CT. 397 IT SAYS'THAT **ALL** FEDERAL CONSTITUTIONAL QUESTIONS THAT HAVE BEEN INCOPORATED THROUGH THE 14TH AMENDMENT DUE PROCESS CLAUSE AND THEREBY MADE APPLICABLE TO THE STATES ARE COGNIZABLE ON FEDERAL HABEAS CORPUS, EVEN IF THE CLAIM HAD BEEN FULLY AND FAITHFULLY ADJUDICATED IN THE STATE COURT..." AND UNDER 28 USC § 2254 (a) " A FEDERAL COURT HAS JURISDICTION TO ENTERTAIN A HABEAS CORPUS PETITION IF A PETITIONER IS IN CUSTODY IN VIOLATION OF THE CONSTITUTION OR FEDERAL LAW." ALSO SEE <u>DEFOY vs. McCULLOUGH</u> 393 F3d 439 (3RDCIR)

THE MAIN QUESTION HERE IS VOLUNTARISM OF A PLEA AND THE PETITIONER'S REQUIRED CONSTITUTIONAL RIGHTS TO KNOW WHAT THOSE RIGHTS ARE **PRIOR** TO SENTENCING. IN <u>COLE vs. STATE</u> A2d 354 2005 IT WAS AGREED "THAT PLEA AGREEMENTS ARE

UNDERTAKEN FOR MUTUAL ADVANTAGE OF DEFENDANT AND GOVERNMENT BY CONTRACT PRINCIPLES. AND THAT A MERE EXCEPTION OF ONE OF THE PRINCIPLES NECESARRY TO PROTECT ONE'S RIGHTS WOULD VOID THIS CONTRACT."

WE HAVE SUPPLIED THIS COURT AND THE DEPARTMENT OF JUSTICE WITH THE STATES' OWN TESTING OF THE UNDERSTANDING AND EDUCATIONAL LEVEL OF EDWARDS, WHO FALLS BELOW A 5TH GRADE LEVEL. DUE PROCESS REQUIRES THAT A DEFENDANT BE ADVISED AND UNDERSTAND THE CONSEQUENCES OF A GUILTY PLEA; WITH RESPECT TO SENTENCING, THE DEFENDANT MUST KNOW THE MAXIMUM PRISON TERM AND FINE FOR THE OFFENSE CHARGED. USC A 5TH, 14TH.

IF THE DEFENDANT DOES NOT UNDERSTAND OR HAVE THE "ABILITY" TO UNDERSTAND AND THE DEFENSE ATTORNEY IN HER OWN WORDS SAID SHE LET PETITIONER FILL OUT HIS OWN T-I-S PLEA AGREEMENT BY HIMSELF, SEE DEFENSE ATTORNEY'S ANSWER TO STATE COURT MARKED AFFIDAVIT OF KATHLEEN K AMALFITANO ON THE 2ND PAGE #2, HOW DOES SOMEONE WITH A EDUCATIONAL LEVEL UNDER 5TH GRADE KNOW HIS RIGHTS ON HIS OWN?

> FROMAL vs. STATE 399 A2d 529 SAYS "FULL COMPLIANCE OF RULE 11 PLEA IS MANDATORY" ONE OF THOSE RIGHTS IS TO KNOW YOUR RIGHTS PRIOR TO SIGNING A PLEA AGREEMENT. DEFENSE COUNSEL ADMITTED SHE DID NOT EXPLAIN THOSE RIGHTS. BRADY vs. U.S. 90 S.CT. 1463 SAYS "WAIVER OF CONSTITUTIONAL RIGHTS NOT ONLY MUST BE VOLUNTARY BUT MUST BE KNOWING, INTELIGENT ACTS DONE WITH SUFFICIENT AWARNESS OF RELEVANT CIRCUMSTANCES AND LIKELY CONSEQUENCES OR IT'S VOIDED."ALSO SEE:

- **BLACK BURN vs. ALABAMA** 80 S.CT. 274 "VOID CONFESSION NOT PRODUCT OF TRADITIONAL INTELLEGENCE AND FREE WILL"
- **U.S. vs. ROGUE** 421 F3d 118 "DEFENDANT'S IGNORENCE OF EXISTING RIGHTS MAY VOID PLEA AGREEMENTS AND WAIVER OF APPELLANT RIGHTS"
- **U.S. ex rel YOUNG vs. MARONEY** 309 F.SUPP. "SINCE VOLUNTARISM OF A PLEA OF GUILTY IS A MATTER OF FEDERAL CONSTITUTIONAL LAW, A FEDERAL STANDARD IS APPLICABLE IN STATE PROSECUTIONS."

WITH PETITIONER HAVING A CAPACITY TO UNDERSTAND UNDER 5TH GRADE WHY WEREN'T HIS RIGHTS PROTECTED? EVEN DELAWARE UNDER 11 § 5134 ADDITIONAL RIGHTS AND SERVICES FOR CHILRREN SAYS "A CHILD HAS THE RIGHT TO LANGUAGE TO UNDERSTAND ALL LEGAL PROCESSES WHICH THEY ARE INVOLVED; AND IF NECESSARY ACCOMPANIED BY A "FRIEND" THEY TRUST TO EXPLAIN IT." MR. EDWARDS WAS NOT GIVEN THE RIGHT WE GIVE TO CHILREN WITH THE SAME SENSE AS HIM. HE TRUSTED HIS "FRIEND" THE DEFENSE ATTORNEY AND WHAT DID SHE DO? SHE ABANDONED HIM AND LET HIM FILL OUT THE T-I-S PAPERWORK HIMSELF; TO UNDERSTAND HIS RIGHTS BY HIMSELF, BASICLY TO REPRESENT HIMSELF WITH ALL HIS LEGAL KNOWLEDGE.

<u>STICKLAND</u> UNDER CONFLICT OF INTEREST 466 US 692 SAYS "RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL EMPAIRED WHEN DEFENSE COUNSEL OPERATES UNDER CONFLICT OF INTEREST BECAUSE **COUNSEL BREACHED THE DUTY OF LOYALTY,** PERHAPS THE MOST BASIC OF COUNSELS DUTIES." IT ALSO SAYS THE SENTENCING IS "ILLEGAL BY DEFENSE COUNSEL NOT PROTECTING DEFENDANTS RIGHTS

4

UNDER STRICKLAND." IF THIS ISN'T DEFENSE LACK OF LOYALTY WE DO NOT KNOW WHAT IS. NOT ONLY DID DEFENSE COUNSEL SAY THAAT DEFENDANT FILLED OUT HIS OWN T-I-S PLEA AGREEMENT AND SHE HAD NOTHING TO DO WITH IT ; THE T-I-S PLEA AGREEMENT WAS FILLED OUT AFTER THEY REALIZED JUST BEFORE COURT THAT THIS RIGHT WAS NEVER DONE AND IT WAS FILLED OUT THEN. SEE DATES ON THE T-I-S AND PLEA AGREEMENT SIGNED BY BOTH THE DEFENSE ATTORNEY AND THE STATE ATTORNEY VERIFYING THE DATES AND EVERYTHING INCLUDED IN THE PAPERWORK.

  <u>CARTER vs. BENNET</u> 395 F.SUPP. 2d 745 AND U.S. CODE ANNOTATED 28 § 2254 (VOL.1) SAYS "A STATE INMATES SOLE REMEDY FOR STATE PUBLIC DEFENDERS ALLEGED FRAUDULANT ACTIONS IN CONNECTION WITH A PLEA AGREEMENT WAS A PETITION FOR WRIT OF HABEAS CORPUS."

  PETITIONER DOESN'T ARGUE THAT HE TOLD THE JUDGE HE WAS SATISFIED AND KNOWS HIS RIGHTS BECAUSE AT THAT TIME NO RIGHTS WERE TOLD TO HIM AND HE KNEW NOTHING BETTER. AS IN THE INDIVIDUAL IN <u>SMITH vs. HENDRICK</u> 260 F.SUPP. 235 THAT SAID "HE SIGNED THE GUILTY PLEA BECAUSE HE SIGNED THE CONFESSION." PETITIONER PLEAD GUILTY IN COURT BECAUSE HE SIGNED THE GUILTY PLEA BOTH WITHOUT KNOWING AND MORE IMPORTANT UNDERSTANDING HIS CONSTITUTIONAL RIGHTSAND CONSEQUENCES.

  I'M NOT SURE IF PETITIONER WOULD AT THAT TIME OPTED FOR A TRIAL. NOW HE SAYS HE WOULD WHEN LANGUAGE HE UNDERSTANDS IS USED TO EXPLAIN THINGS TO HIM. BUT THE QUESTION IS THIS : IS IT RIGHT TO MAKE AN INDIVIDUAL WITH A MENTALLITY OF A 5TH GRADER, SCARED NOT UNDERSTANDING, BE PLACED IN PRISON BECAUSE NO ONE, NOT EVEN HIS "FRIEND" THE DEFENSE ATTORNEY, INSURED HIS

RIGHTS OF KNOWING THOSE RIGHTS PRIOR TO SIGNING A PLEA AGREEMENT ? SHE JUST ABANDOND HIM. SHE WAS IN ALL ASPECTS A TOKEN ATTORNEY LOOKING OUT FOR HER BEST INTEREST IN GETTING THINGS DONE WITH THE LEAST AMOUNT OF EFFORT. DO WE VIOLATE CONSTITUTIONAL RIGHTS AND SAY IT'S OKAY BECAUSE WE AREN'T SURE WHAT HE WOULD HAVE DONE IF WE TOLD HIM HIS RIGHTS?

    PETITIONER ASKS THIS COURT TO OVERTURN THE LOWER COURTS' DECISION; AND MAKE THE DEPARTMENT OF JUSTICE ALONG WITH A DEFENSE ATTORNEY COMPLY WITH THE GUIDE-LINES PUT INTO PLACE TO INSURE THE RIGHTS OF AN INDIVIDUAL BEFORE, DURING AND AFTER A PLEA AGREEMENT. THE RIGHTS CLARENCE EDWARDS HAS BEEN DENIED.

*Clarence Heny Edwards*
CLARENCE EDWARDS

## CERTIFICATE OF SERVICE

I, *Clarence Heny Edwards* HERBY CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT COPY(IES) OF THE ATTACHED ANSWER TO THE STATES REBUFF UPON THE FOLLOWING PARTIES/PERSONS:
TO: ATTORNEY GENERAL OFFICE
    820 N. FRENCH ST.
    WILMINGTON, DELAWARE 19801

    BY PLACING IN A SEALED ENVELOPE, AND DEPOSITING SAME IN THE UNITED STATES MAIL AT THE DELAWARE CORRECTIONAL CENTER, SMYRNA DE. 19977 PRIOR TO 7/12/2008

*Clarence Heny Edwards*
CLARENCE EDWARDS
1181 PADDOCK ROAD
SMYRNA DE. 19977
SBI # 00158551 T BLDG.
Monday, July 07, 2008

I/M Clarence H Edwards
SBI# 158551    UNIT T-1-15
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

Office of the clerk
United States District court
844, N, King street, Lockbox 18
Wilmington Del
19801-3570

WILMINGTON DE
11 JUL 2008 PM

