IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLARENCE EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-117-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Clarence Edwards. *Pro se* petitioner.

Kevin M. Carroll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

## MEMORANDUM OPINION

March 17, 2011
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Clarence Edwards ("Edwards"). (D.I.2) For the reasons discussed, the court will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Edwards pled guilty to one count of sexual solicitation of a child. In exchange for his plea, the State entered a *nolle prosequi* on the additional charges of indecent exposure in the first degree and harassment, and also agreed to recommend a sentence of seven and one-half (7 ½) years in prison. *See State v. Edwards*, IK05-05-0179-R1, Commr's. Rep. & Rec. (Del. Super. Ct. Mar. 21, 2007). The Delaware Superior Court sentenced Edwards to ten (10) years of Level V incarceration, to be suspended after seven and one-half (7 1/2) years for two and one-half (2 1/2) years of decreasing levels of supervision. *See Edwards v. State*, 941 A.2d 1018 (Table), 2007 WL 4374237 (Del. Dec. 17, 2007). Edwards did not file a direct appeal from his conviction and sentence.

Rather, Edwards filed a motion to reduce his sentence, which the Superior Court denied. (D.I. 13 at 1) Edwards then filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging three grounds for relief: (1) his guilty plea was coerced and involuntary; (2) he was not informed of his right to confront witnesses or go to trial until after he signed the plea agreement; and (3) defense counsel provided ineffective assistance. (D.I. 19) After briefing, a Superior Court Commissioner filed a Report and Recommendation concluding that Edwards' motion should be denied as meritless. *State v. Edwards*, IK05-05-0179-R1, Commr's. Rep. & Rec. (Del. Super. Ct. Mar. 21, 2007). The

Delaware Superior Court adopted the Report and Recommendation and denied Edwards' Rule 61 motion for the reasons stated therein. *State v. Edwards*, ID No. 0504022745, Order (Del. Super. Ct. Aug. 17, 2007). Edwards appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. *Edwards*, 2007 WL 4374237, at *2.

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford*, 538 U.S. at 206.

### B. Standard of Review Under AEDPA

If a federal court determines that a claim is not procedurally defaulted and the state court adjudicated the federal claim on the merits, the court can only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). In determining whether the Federal law is "clearly established," the focus is on Supreme Court holdings, rather than dicta, that were clearly established at the time of the pertinent state court decision. *See Greene v. Palakovich*, 606 F.3d 85 (2010).

When reviewing a § 2254 petition, a federal court must presume the state court's determinations of factual issues are correct, unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

### III. DISCUSSION

Edwards appears to assert two grounds for relief in his petition: (1) his guilty plea was not knowing and voluntary;[1] and (2) counsel provided constitutionally ineffective assistance of counsel. Given the Delaware Supreme Court's adjudication of both claims on the merits, the

---

[1] Edwards also alleges that he was not informed of his rights to confront his accuser and proceed to trial until after he signed the plea agreement. The court has included this allegation as part of claim one.

3

State asks the court to deny the claims for failing to satisfy § 2254(d) and dismiss the petition in its entirety. The court will review the claims in seriatim.

### A. Claim One: Involuntary Plea

In claim one, Edwards contends that his guilty plea was involuntary because it was induced by defense counsel's threats that he would spend his life in prison if he did not enter a guilty plea. He also appears to contend that his plea was involuntary because he needed more time to think about the plea offer, and he was not aware that he was waiving his right to confront his accuser by pleading guilty. Citing Delaware caselaw, the Delaware Supreme Court denied this claim on post-conviction appeal, explicitly finding that Edwards was bound by the statements he made during his plea colloquy because he failed to provide clear and convincing evidence to the contrary. Additionally, citing *Brady v. United States*, 397 U.S. 742, 751-52 (1970), the Delaware Supreme Court held that Edwards' decision to plead guilty as a means to avoid additional prison time did not amount to "coercion."

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Although the Delaware Supreme Court did not cite *Blackledge* directly when denying claim one, the Delaware case[2] cited by the Delaware Supreme Court refers to the applicable Federal precedent. Therefore, the court concludes that the Delaware Supreme Court's decision was not contrary to *Blackledge*. *See Fahy v. Horn*, 516 F.3d 169, 196 (3d Cir. 2008) (Supreme Court of Pennsylvania's decision was not "contrary to" clearly established Federal law because the court appropriately relied on its own state court cases, which

---

[2]*Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

4

articulated the proper standard derived from Supreme Court precedent); *Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

In turn, having reviewed the record, the court concludes that the Delaware Supreme Court's denial of the claim involved a reasonable application of *Blackledge*. For instance, the transcript of the August 23, 2005 plea colloquy contains Edwards' clear and explicit statements that: nobody forced him to plead guilty; his attorney fully advised him of his rights; he understood the nature of the charges against him; and he understood that he was waiving the constitutional rights delineated on the Truth-In-Sentencing form, which included his right to hear and question the witnesses against him. (D.I. 19, Motion to Affirm, *Edwards v. State*, No. 445, 2007, at Exh. D) Edwards also stated that he had sufficient time to review the matter with his attorney, that he signed plea agreement, that he was guilty of the offense, and that he was satisfied with his counsel's representation. *Id.* In fact, when asked if he had any additional comments, Edwards merely said, "No, sir. I am just hoping that I could have got some more probation. That is all." *Id.* at p. 8. In addition, the Truth-In-Sentencing Guilty Plea Form signed by Edwards indicates that he knowingly and voluntarily entered into his plea agreement. (D.I. 19, Motion to Affirm, *Edwards v. State*, No. 445, 2007, at Exh. B)

Based on this record, the court concludes that Edwards' unsupported allegations in this proceeding fail to provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. Accordingly, the Delaware Supreme Court's holding that Edwards was bound by the representations he made during the plea

colloquy and on the Truth-In-Sentencing form was neither contrary to, nor an unreasonable application of, *Blackledge*, nor did it amount to an unreasonable determination of the facts as established by the evidence.

In turn, the court rejects Edwards' contention that he was coerced into pleading guilty by counsel's "threat" that he would receive more prison time if he proceeded to trial. As explained by the Supreme Court, "[w]hile confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices is an inevitable - and permissible -attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)(internal quotation omitted). Consequently, a guilty plea is not "invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady v. Units States*, 397 U.S. 742, 751-52 (1970).

Significantly, nothing in the record indicates that Edwards was forced or threatened to enter the plea agreement. And, while the fear of potentially facing a longer sentence if found guilty by a jury likely influenced Edwards' decision to plead guilty, that influence does not render Edwards' plea coerced and involuntary as a matter of law. Therefore, the court finds that the Delaware Supreme Court's rejection of Edward's contention of "coercion" was neither contrary to, nor an unreasonable application of, Federal law, nor did it involve an unreasonable determination of the facts in light of the evidence. Accordingly, the court will deny claim one for failing to satisfy § 2254(d).

## B. Claim Two: Ineffective Assistance of Counsel

In his second claim, Edward contends that defense counsel provided ineffective assistance by: engaging in subpar investigation; failing to inform him of his rights prior to his signing of the plea agreement; failing to obtain more time for him to consider the plea agreement; and by having him fill out the TIS form alone despite the fact that he was operating at a Fifth grade level of education. The Superior Court denied Edwards' ineffective assistance of counsel allegations as meritless, and the Delaware Supreme Court affirmed that decision. Given the Delaware Supreme Court's consideration of Edwards' argument, the court can only grant habeas relief if the Delaware Supreme Court's denial of the instant ineffective assistance of counsel claim was contrary to, or an unreasonable application of, clearly established Federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

7

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the court notes that the Delaware Supreme Court did not specifically apply the *Strickland/Hill* standard in affirming the Superior Court's decision. Nevertheless, the court concludes that the Delaware Supreme Court's decision was not contrary to *Strickland* or *Hill*, because the Delaware case[3] cited by the Delaware Supreme Court refers to the applicable precedent. *See Fahy v. Horn*, 516 F.3d 169, 196 (3d Cir. 2008) (Supreme Court of Pennsylvania's decision was not "contrary to" clearly established Federal law because appropriately relied on its own state court cases, which articulated the proper standard derived from Supreme Court precedent); *Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court further concludes that the Delaware Supreme Court did not unreasonably apply the *Strickland/Hill* standard in denying claim two. As previously discussed, Edwards is bound by the statements he made during the plea process. The statements Edwards made during the plea colloquy and on the TIS form belie his present allegations that he did not understand the terms of

---

[3]The Delaware Supreme Court cited to *Albury v. State*, 551 A.2d 53 (Del. 1988), which involved the application of *Strickland* and *Hill* to claims of ineffective assistance of counsel in the guilty plea process.

the TIS form, that counsel coerced him to plead guilty, or that counsel failed to disclose certain information and evidence. Consequently, the court finds that Edwards has failed to establish that counsel performed deficiently.

Edwards has also failed to demonstrate the requisite prejudice under the *Strickland/Hill* standard, because he has failed to demonstrate a reasonable probability that he would not have pled guilty but for counsels' alleged actions. As explained by the Delaware Supreme Court, Edwards' "guilty plea provided him with a clear benefit[, and] it was reasonable for him to plead guilty to one charge rather than risk being tried on three charges of sexual improprieties involving children." *Edwards*, 2007 WL 4374237, at *2. Accordingly, the court will deny claim two for failing to satisfy 2254(d).

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that Edwards' petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Edwards' petition for habeas relief pursuant to 28 U.S.C. § 2254 is

9

denied. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| CLARENCE EDWARDS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-117-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner Clarence Edwards' petition for the writ of habeas corpus filed pursuant to 28 U.S.C § 2254 is **DISMISSED**, and the relief requested therein is **DENIED**. (D.I. 2)

2. The court declines to issue a certificate of appealability due to Edwards' failure to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: March 17, 2011

CHIEF, UNITED STATES DISTRICT JUDGE