IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLARENCE EDWARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. Act. No. 08-117-GMS |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

**I. INTRODUCTION**

In March, 2011, the court denied petitioner Clarence Edwards' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 after determining that his ineffective assistance of counsel and involuntary guilty plea claims failed to warrant relief under § 2254(d). (D.I. 26) Presently pending before the court is Edwards' "motion to redress," which asserts three "queries" challenging the court's denial of his petition. (D.I. 27) The court liberally construes this document to be a motion for reconsideration.

**II. STANDARD OF REVIEW**

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance,"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances

including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III. DISCUSSION

Edwards has not identified the authority by which he is seeking reconsideration. However, because he filed the instant motion within twenty-eight days after the entry of the court's judgment,[1] the court will treat the motion as filed pursuant to Rule 59(e). *See, e.g.,*

---

[1] Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court denied Edwards' petition on March 17, 2011. (D.I. 26) The instant motion is dated March 26, 2011, the envelope in which the motion was mailed is post-marked March 28, 2011, and the motion was docketed on March 29, 2011. (D.I. 27) All of these dates fall well within the twenty-eight day period provided for in Rule 59(e).

*Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e).").

Edwards' motion asserts the following three queries: (1) "how can it not be ineffective assistance for counsel not to explain [Edwards'] legal rights" and how can this failure not violate Edwards' due process rights, considering that Edwards has a "Fifth grade capacity for learning"; (2) "how can the in-court testimony [demonstrate the voluntary and knowing nature of Edwards' guilty plea] when counsel never explained anything in his own affidavit and told [Edwards] to agree with everything"; and (3) how can the "state courts' failure to investigate [the violation of Edwards' rights] with an evidentiary hearing [constitute] fair treatment." (D.I. 27) None of these queries rely on the three grounds for relief identified in Rule 59(e); rather, they assert Edwards' disagreement with the court's conclusion, and attempt to reargue issues already decided. Accordingly, the court concludes that the instant Rule 59(e) motion does not warrant reconsideration of its decision.

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Edwards' motion for reconsideration. In addition, the court will not issue a certificate of appealability, because Edwards has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);

*See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Feb 27, 2012
DATE

CHIEF, UNITED STATES DISTRICT JUDGE